983 F.2d 1076
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dale Frank MAISANO, Plaintiff-Appellant,
v.
Sam LEWIS, Director, et al., Defendants-Appellees.
 No. 92-15401.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 6, 1993.*
Decided Jan. 15, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dale Frank Maisano, an Arizona state prisoner, appeals pro se the dismissal of his 42 U.S.C. § 1983 action because Maisano's complaint was vague and did not contain a short and plain statement of his claims. The district court originally dismissed Maisano's complaint with instructions to amend within 30 days. Maisano failed to amend his complaint within 30 days, and the district court dismissed the entire action. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion, Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 113 S.Ct. 321 (1992), and we affirm.
 
 
 3
 Maisano submitted a complaint with approximately 22 pages of attachments. Maisano's claim consisted of the following statement: "As the inmate letters and kites, [and] grievances show each person has input in this action, please read [the] whole packet...."
 
 
 4
 Fed.R.Civ.P. 8(a) states that "[a] pleading which sets forth a claim for relief ... shall contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Even if the factual elements of a cause of action are present but are scattered throughout the complaint and are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a) is proper. Sparling v. Hoffman Constr. Co., 864 F.2d 635, 640 (9th Cir.1988); cf. Fed.R.Civ.P. 8(e)(1) ("[e]ach averment of a pleading shall be simple, concise, and direct").
 
 
 5
 Maisano's "short and plain statement" was at best an invitation for the district court to peruse 22 pages of attachments and draft Maisano's pleadings for him. Accordingly, Maisano's complaint did not satisfy the Fed.R.Civ.P. 8(a) requirement of a "short and plain statement" and dismissal of his complaint was proper. See Sparling, 864 F.2d at 640.
 
 
 6
 Under Fed.R.Civ.P. 41(b), the district court has discretion to dismiss an action for failure to comply with any order of the court. Ferdik, 963 F.2d at 1260. "A district court's dismissal pursuant to Fed.R.Civ.P. 41(b) will be overturned on appeal only if the district court abused its discretion." Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir.1981). The district court provided Maisano an opportunity to file an amended complaint which complied with Fed.R.Civ.P. 8(a) and warned him that failure to comply with the court's order in a timely manner would result in the action being dismissed. Maisano failed to file an amended complaint. Because Maisano failed to comply with Fed.R.Civ.P. 8(a) and failed to file an amended complaint in accordance with the district court's order, the district court did not abuse its discretion in dismissing the complaint. See Nevijel, 651 F.2d at 673; Ferdick, 963 F.2d at 1260.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3