24 F.3d 245
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Tim E. CONLEY, Plaintiff-Appellant,
v.
Fred VAN SICKLE, Defendant,
and
Joe Collins, Sheriff, Chelan County, Defendants-Appellees.
 No. 93-35616.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1994.*
Decided May 4, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Tim E. Conley appeals pro se the district court's orders (1) dismissing Conley's complaint without prejudice for failure to comply with a court order, and (2) denying Conley's motion for reconsideration. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291.[1] We affirm.
 
 
 3
 * Dismissal
 
 
 4
 We review the district court's dismissal order for abuse of discretion. Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 113 S.Ct. 321 (1992). Under this standard, we will not disturb the order unless we have "a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Id. (quotations omitted).
 
 
 5
 This court has identified five factors a district court must weigh in determining whether to dismiss a case for failure to comply with a court order. See id. These factors are: " '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.' " Id. at 1260-61. Where, as in this case, a district court does not make explicit findings showing it has considered these factors, we review the record independently to determine whether the court abused its discretion. Id. at 1261.
 
 
 6
 After weighing the five factors, we conclude that the district court did not abuse its discretion by dismissing Conley's complaint. In particular, the second factor, the court's need to manage its docket, and the fifth factor, the availability (or nonavailability) of less drastic alternatives weigh heavily in favor of dismissal. As to the latter factor, the district court explicitly warned Conley that he risked dismissal if he failed to supply the court with a telephone number at which he could be reached or otherwise failed to show why the complaint should not be dismissed. This satisfied the court's obligation to consider less drastic alternatives to dismissal. See id. at 1262.
 
 II
 Denial of Reconsideration
 
 7
 We review the district court's order denying Conley's motion for reconsideration[2] for abuse of discretion. School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir.1993).
 
 
 8
 A motion for reconsideration may be brought either under Fed.R.Civ.P. 59(e) or 60(b). ACandS, Inc., 5 F.3d at 1262. Because Conley did not identify which rule supported his motion, we consider the district court's denial of the motion under both standards. See id. at 1262-63.
 
 
 9
 Conley was not entitled to relief under Rule 59(e) because he failed to (1) present the district court with newly discovered evidence, (2) show that the court committed clear error or that the initial decision was manifestly unjust, or (3) show an intervening change in controlling law. See id. at 1263. The only new matter Conley raised in his motion was that the district court's caption was wrong. We agree with the district court that Conley's argument on that issue was meritless.
 
 
 10
 Conley also was not entitled to relief under Rule 60(b). Relief under that rule is available "only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances." Id. (quotations omitted). Conley alleged in his motion that he mistakenly titled the affidavit he submitted in response to the district court's order to show cause as simply "Affidavit" and not "Affidavit to Show Cause", and, therefore, that the district court must not have considered the affidavit before dismissing his case. Even if this is true, the record shows that the district court subsequently considered the arguments raised in the affidavit and correctly found them to be without merit.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 An order dismissing only the complaint and not the action ordinarily is not appealable. See Gerritsen v. De la Madrid Hurtado, 819 F.2d 1511, 1514 (9th Cir.1987). Dismissals for failure to obey a court order are appealable, however. See, e.g., Ferdik v. Bonzelet, 963 F.2d 1258 (9th Cir.), cert. denied, 113 S.Ct. 321 (1992). Thus, we have jurisdiction to review the district court's dismissal order
 
 
 [2]
 Conley denominated his motion a "petition for rehearing."