60 F.3d 832
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Joan DANIELSON, Plaintiff-Appellant,
v.
Lloyd BENTSEN, Secretary of the Treasury, Defendant-Appellee.
 No. 94-16627.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 6, 1995.*
Decided July 7, 1995.
 
 Before: FLETCHER, KOZINSKI and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joan Danielson appeals pro se the district court's grant of summary judgment for the Secretary of the Treasury ("Secretary") in her claim alleging age discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e-2(a)(1) ("Title VII") and the Age Discrimination in Employment Act, 29 U.S.C. Sec. 623(a)(1) ("ADEA"). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review the district court's summary judgment de novo, McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992), and we affirm.
 
 
 3
 * Discrimination Claim
 
 
 4
 Danielson contends that the district court erred by granting summary judgment for the Secretary because there was a genuine issue of fact as to whether she was discriminated against when she was not selected for the position of Taxpayer Service Representative ("TSR"). This contention lacks merit.
 
 
 5
 To establish a prima facie case of discrimination under either the ADEA or Title VII, a plaintiff must show (1) membership in a protected class (age 40-70), (2) that he or she was qualified for the job, (3) an employment decision, and (4) that the position was given to a substantially younger applicant with equal or inferior qualifications. Wallis v. J.R. Simplot Co., 26 F.3d 885, 891 (9th Cir.1994); Lindahl v. Air France, 930 F.2d 1434, 1437 (9th Cir.1991).
 
 
 6
 Here, Danielson failed to make out a prima facie case of age discrimination. At the time Danielson interviewed for the TSR position she was 61 years old, and met the minimum qualifications for the TSR position. Four of the individuals selected for the position, however, were over 40, and two of the four selected were over 60. Because Danielson could not show that the TSR position was given to someone outside her protected class, summary judgment for the Secretary was proper.[1] See Wallis, 26 F.3d at 891.
 
 II
 Retaliation Claim
 
 7
 Danielson also contends that the district court erred by granting summary judgment on her retaliation claim. This contention lacks merit.
 
 
 8
 "Proof of a prima facie case of retaliatory discharge requires a showing that: (1) [the plaintiff] was engaged in a protected activity; (2) [the plaintiff] was thereafter subject by his employer [or prospective employer] to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse employment decision." Id.
 
 
 9
 Here, Danielson contends that she was not hired for the position of TSR because Scott Speer, her interviewer, knew she had been involved in various employment challenges. She alleges that she told Speer about an employment challenge that she brought against the City and County of San Francisco, and that Speer, as an IRS employee, would also have had access to a previous discrimination suit which she had filed against the IRS. Finally, she alleges that she may have mentioned a discrimination suit which she filed against Bank of America. In opposition, the Secretary submitted evidence that Speer had no knowledge of Danielson's previous lawsuits. Specifically, the Secretary submitted Danielson's testimony, in which she admitted that she had never seen or met Speer before the day of the interview, she was unsure whether she discussed her prior employment complaints with Speer, Speer did not have any material with him at the interview that would suggest that he had her EEO file, nor did he make any mention of her prior IRS lawsuit during the interview. In his affidavit, Speer swore that he had no knowledge of either the Bank of America or IRS lawsuit. As to the lawsuit against San Francisco, Speer's contemporaneous notes from the interview show that he discussed Danielson's termination from her previous job with the City and County of San Francisco, but the notes make no mention of any legal complaints filed against the City. Because we agree with the district court that Danielson failed to make the required showing of a causal link between her protected activity and the Secretary's decision not to hire her, summary judgment was proper. See id.
 
 III
 Procedural Errors
 
 10
 Danielson finally contends that the district court erred in granting summary judgment for the Secretary because the Secretary: (1) did not move for summary judgment on Danielson's retaliation claim, and (2) filed a late statement of undisputed facts. These contentions lack merit.
 
 
 11
 First, in his motion for summary judgment, the Secretary states "Mr. Speer was unaware that plaintiff had previously filed an EEO complaint against the IRS ... [therefore] Mr. Speer did not fail plaintiff as a reprisal for having filed an EEO complaint." In addition, Danielson's opposition brief explicitly addressed her retaliation claim. Accordingly, the district court properly considered Danielson's retaliation claim in its order granting summary judgment. Furthermore, because "[d]istrict courts have the inherent power to control their dockets," Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 113 S.Ct. 321 (1992), the district court did not err granting summary judgment for the Secretary despite his having filed a late statement of undisputed facts.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we find that Danielson failed to make out a prima facie case of discrimination, we need not consider the district court's alternative reasoning. See Iolab Corp. v. Seaboard Sur. Co., 15 F.3d 1500, 1504 (9th Cir.1994) (we may affirm a grant of summary judgment on any ground supported by the record)