87 F.3d 1321
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rodolfo MORENO, Plaintiff-Appellant,
v.
Lori TIMMONS, Programs Counselor, Defendant-Appellee.
 No. 95-15765.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided June 19, 1996.
 
 Before: CANBY, NOONAN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Rodolfo Moreno appeals pro se the district court's Fed.R.Civ.P. 41(b) dismissal of his action for failing to comply with the court's order requiring him to file an amended complaint within thirty days. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate and remand.
 
 
 3
 We review for abuse of discretion a district court's dismissal of an action pursuant to Fed.R.Civ.P. 41(b) for failure to comply with a court's order requiring the timely submission of an amended complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 506 U.S. 915 (1992).
 
 
 4
 Here, the district court improperly dismissed Moreno's action. First, the court's dismissal constituted an adjudication upon the merits of Moreno's case because the court did not specify that the dismissal was without prejudice. See Fed.R.Civ.P. 41(b). Second, Moreno did not willfully violate the court's order because prison officials did not forward the order to Moreno until after the court had already dismissed his case.[1] Third, Moreno explained in his notice of appeal the reason he had failed to file an amended complaint. Under these circumstances, we believe that the district court improperly dismissed Moreno's action. Accordingly, we vacate the district court's dismissal and remand for further proceedings.
 
 
 5
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On February 9, 1995, Moreno was transferred to the federal correctional center at Pekins, Illinois. On February 14, 1995, the district court issued its order requiring Moreno to file an amended complaint within the next thirty days and warning him that his failure to comply would result in a dismissal without further notice. Although Moreno asked prison officials to send his mail to his new address before he left the Arizona detention center, they did not forward the court's order and other legal mail to him until April 3, 1995