89 F.3d 844
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Matthew Lee BOLAR, Plaintiff-Appellant,
v.
Tana WOOD; Chase Riveland; Tom Rolfs, Defendants-Appellees.
 No. 95-35782.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 7, 1996.*
Decided July 9, 1996.
 
 Before: CHOY, SKOPIL, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Matthew Bolar appeals pro se the district court's dismissal of his civil rights complaint against various prison employees. Bolar's complaint was dismissed without prejudice after he failed to comply with the district court's order requiring him to file an amended complaint to correct deficiencies identified by the court. Although Bolar did submit an amended complaint, the court found that it was not timely and did not cure the deficiencies. The court stated in its dismissal order that Bolar "is free to file an entirely new complaint which sets forth facts, clearly and precisely, demonstrating that identified defendants violated his due process and equal protection rights." Such an order dismissing a complaint without prejudice and permitting the plaintiff to amend is not generally appealable. See McGuckin v. Smith, 974 F.2d 1050, 1053 (9th Cir.1992). Nonetheless, because Bolar apparently elected to stand on his last submission by not submitting another amended complaint, we are permitted to treat the dismissal order as a final, appealable order. See WMX Technologies, Inc. v. Miller, 80 F.3d 1315, 1318 (9th Cir.1996).
 
 
 3
 The district court is clearly empowered to dismiss a complaint for failure to comply with an order requiring timely submission of an amended complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir.), cert. denied, 506 U.S. 915 (1992). Here, the court carefully and fully explained the pleading deficiencies of the original complaint and gave Bolar ample time to redraft and file an amended complaint. Even if we assume, as Bolar contends, that he timely attempted to mail his amended complaint, we agree with the district court that the proffered amended complaint lacks factual specificity and clarity to permit the district court to assume and exercise jurisdiction. Accordingly, the district court did not abuse its discretion by dismissing Bolar's complaint without prejudice. See id. at 1260.
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3