114 F.3d 1195
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Henrianne STEELE; James S. Bounds, Plaintiffs,
and
Jimmie Drew Lockhart, Sr., Plaintiff-Appellant,
v.
FEDERAL DEPOSIT INSURANCE CORPORATION, As Receiver for
Alliance Bank, c/o FDIC; Berkeley Federal Bank &
Trust fka 1st Fed. Savings Bank of
Delaware, Defendants-Appellees.
 No. 95-35839.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 7, 1997.*
Decided May 22, 1997.
 
 Before: LAY,** BEEZER and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Henrianne Steele, James S. Bounds and Jimmie Drew Lockhart appeal pro se the dismissal of their complaint against the Federal Deposit Insurance Corporation (FDIC) and Berkeley Bank & Trust (Berkeley Bank). The district court dismissed Bounds and Lockhart for failure to state a claim upon which relief can be granted. The court dismissed the complaint as to Steele for failure to comply with the court's order requiring Steele to file an amended complaint in order to provide a more definite statement of her claims.
 
 
 3
 Steele executed a note and deed of trust for a $67,900 debt secured by residential real property in June, 1988, in favor of Alliance Bank. In April, 1989, Alliance Bank was declared insolvent. The FDIC Receiver was appointed receiver and succeeded to all rights, title and interest in Alliance Bank's assets. The FDIC Receiver sold the Steele note and trust deed, along with other Alliance Bank assets, to FDIC Corporate, which subsequently sold the Steele note and trust deed to Berkeley Bank. In November, 1993, Berkeley Bank gave Steele notice of default under the trust deed, and then pursued state law foreclosure proceedings. In August, 1994, Steele was given notice that she must vacate the property securing the note within 30 days.
 
 
 4
 Thereafter Steele, Bounds and Lockhart filed this lawsuit against the FDIC and Berkeley Bank.[1] The plaintiffs filed an application for partial entry of default judgment on the grounds that Berkeley Bank had not filed an answer. The district court rejected these requests. This order is now appealed.
 
 
 5
 Plaintiffs' claim overlooks that Federal Rule of Civil Procedure 12(b)(6) allows the parties to assert the defense of failure to state a claim for relief by motion rather than in a responsive pleading. Steele also appeals the district court's dismissal of her complaint for failure to obey the court's order that she file an amended complaint or show cause why the complaint should not be dismissed. We hold that the district court's dismissal, after giving Steele an opportunity to amend her complaint in order to state a claim for relief, was not an abuse of discretion. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.1992).
 
 
 6
 The plaintiffs also urge that the district court's referral of the defendants' motions to dismiss to a magistrate judge was without jurisdiction because the district court failed to obtain their consent to the referral as required by 28 U.S.C. § 636(c)(2). However, the referral in the instant case was governed by 28 U.S.C. § 636(b)(1)(B). This provision permits referral to a magistrate judge of a motion to dismiss for failure to state a claim, and authorizes the magistrate judge to make findings of fact and recommendations for disposition by the district court. There is no requirement that the consent of the parties be obtained for such a referral.
 
 
 7
 Finally, plaintiffs appeal the district court's denial of their motion to reconsider. There is no merit in the motion to reconsider and therefore we affirm the district court's ruling in its entirety. We dismiss the appeal as frivolous.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 **
 * This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Bounds and Lockhart clearly lack standing to bring the suit; they were not signatories to any of the original contracts and assert their only interest to be that they loaned money to Steele for improvements on the property. The latter claim provides no legal interest which gives them standing to sue in the case