**Michael Henry FERDIK,**
**Plaintiff–Appellant,**

v.

**Joe BONZELET, Sheriff, et al.,**
**Defendants–Appellees.**

No. 90–16834.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 7, 1991 *.

Decided May 7, 1992.

As Amended May 22, 1992.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App.P. 34(a) and Ninth Circuit Rule 34–4.

Michael Henry Ferdik, pro se.

William J. Ekstrom, Jr., Mohave County Atty., Kingman, Ariz., for defendants-appellees.

Before: CHOY, NORRIS, and KLEINFELD, Circuit Judges.

CHOY, Circuit Judge:

Appellant Michael Henry Ferdik appeals pro se the judgment of the District Court for the District of Arizona of November 5, 1990 dismissing his claim under 42 U.S.C. § 1983 after he violated a court order by failing to file a second amended complaint in a timely manner. We affirm.

### I.

On March 25, 1988 Ferdik filed a complaint alleging his civil rights were violated under 42 U.S.C. § 1983. The substance of his complaint is not relevant to the question at issue in this appeal. On June 14, 1988 the complaint was dismissed and Ferdik was granted leave to file amendments setting forth specific allegations of fact which state a claim for relief within thirty days. Ferdik filed his first amended complaint on June 20, 1988.

On July 21, 1988 the court filed a detailed order in which it reviewed the substance of the amended complaint. In this order the court noted that the complaint consisted primarily of case law citations setting forth various standards of review,

but noted that it did contain four allegations of conduct which related to appellant. The court reviewed each of these allegations and determined that Ferdik still failed to state a claim upon which the court could grant relief.

The court then granted Ferdik leave to file a second amended complaint by August 19, 1988. In its order the court admonished Ferdik that failure to file the amended complaint in a timely manner would result in dismissal without further notice to him.

On August 22, 1988, after Ferdik failed to timely file the second amended complaint, the court dismissed the case. On February 9, 1990 the court granted Ferdik's motion for reconsideration of the judgment, vacated the earlier judgment of dismissal, and ordered the clerk to file the second amended complaint that Ferdik had filed late on January 26, 1989. Judge Rosenblatt then referred the case to Magistrate Mignella for a review of the second amended complaint.

On August 17, 1990 the magistrate entered an order striking Ferdik's second amended complaint on the ground that it did not comply with Rule 10(a) of the Federal Rules of Civil Procedure.[1] The second amended complaint named the defendants as "Joe T. Bonzelet, et al." and the magistrate ruled that this caption was inappropriate under Rule 10(a). The magistrate ordered Ferdik to refile a conforming second amended complaint with thirty days and again advised him that if he did not comply with the order the clerk would enter a dismissal without further notice to him.

On November 7, 1990, after Ferdik had failed to refile his second amended complaint as required by the magistrate's order, Judge Rosenblatt entered a judgment dismissing the case. In this appeal Ferdik seeks review of that dismissal.

## II. STANDARD OF REVIEW

■ Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court. We review for abuse of discretion a district court's dismissal of an action for failure to comply with the court's order requiring submission of an amended complaint in a timely manner. *Eldridge v. Block,* 832 F.2d 1132, 1136 (9th Cir.1987); *Nevijel v. North Coast Life Ins. Co.,* 651 F.2d 671, 674 (9th Cir.1981). The trial court's dismissal should not be disturbed unless there is " 'a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.' " *Malone v. United States Postal Serv.,* 833 F.2d 128, 130 (9th Cir.1987); *Eldridge,* 832 F.2d at 1136 (quotation omitted).

## III. ANALYSIS

■ In this case we address whether the district court abused its discretion in dismissing Ferdik's case because he failed to obey the court's order requiring him to refile a second amended complaint that complied with the requirements of Rule 10(a) in a timely manner or face dismissal of his case. District courts have the inherent power to control their dockets and, "[i]n the exercise of that power they may impose sanctions including, where appropriate, ... dismissal of a case." *Thompson v. Housing Auth.,* 782 F.2d 829, 831 (9th Cir.), *cert. denied,* 479 U.S. 829, 107 S.Ct. 112, 93 L.Ed.2d 60 (1986). Despite this authority, dismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances. *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.,* 898 F.2d 1428, 1429 (9th Cir.1990); *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir. 1986).

■ In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: "(1) the public's interest

---

1. Rule 10(a) provides, in pertinent part, that: In the complaint the title of the action shall include the names of all the parties, but in other pleadings it is sufficient to state the name of the first party on each side with an appropriate indication of other parties. Fed.R.Civ.P. 10(a).

in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24. Although it is preferred, it is not required that the district court make explicit findings in order to show that it has considered these factors and we may review the record independently to determine if the district court has abused its discretion. *Malone*, 833 F.2d at 130; *Henderson*, 779 F.2d at 1424.

 Moreover, in deciding whether the district court abused its discretion in dismissing this case, we also are mindful of Supreme Court precedent that instructs federal courts liberally to construe the "inartful pleading" of pro se litigants. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S.Ct. 700, 701, 70 L.Ed.2d 551 (1982) (per curiam); *Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 175, 66 L.Ed.2d 163 (1980); *Noll v. Carlson,*, 809 F.2d 1446, 1448 (9th Cir.1987); *see Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir.1986) (should treat pro se litigants with great leniency when evaluating compliance with the technical rules of civil procedure). This rule is particularly important in civil rights cases. *Eldridge*, 832 F.2d at 1137. Thus, before dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively. *Noll*, 809 F.2d at 1448–49 (courts must draft a few sentences explaining the deficiencies to the pro se prisoner plaintiff).

At all stages of these proceedings the district court not only demonstrated more than adequate sensitivity to Ferdik's inexperience as a pro se litigant, but also went out of its way to assist him. The court granted Ferdik two opportunities to amend his complaint (each time expressly warning him that failure to timely amend would result in dismissal); gave him the guidance necessary for him to submit a properly amended first complaint; and even went as far as vacating the dismissal it had entered after appellant failed to timely file his second amended complaint in the first instance. Moreover, in striking his second amended complaint as deficient, the magistrate's order set out the language of Rule 10(a), clearly explained the reason the complaint was being stricken in language comprehensible to a lay person,[2] and gave Ferdik an additional thirty days in which to refile a conforming complaint. Finally, that same order reiterated that Ferdik's failure to comply with the order would result in dismissal.[3]

 After weighing the five dismissal factors we also conclude that the district court's dismissal was not an abuse of discretion. The first two dismissal factors— the public's interest in expeditious resolution of litigation and the trial court's interest in docket control—strongly support the court's action. This case dragged on for over a year and a half before it finally was dismissed. During that time it consumed large amounts of the court's valuable time that it could have devoted to other major and serious criminal and civil cases on its docket. It is incumbent upon us to preserve the district courts' power to manage their dockets without being subject to the endless vexatious noncompliance of litigants like Ferdik.

---

**2.** The Magistrate's order stated that: "This caption is inappropriate for an amended complaint because it does not name each defendant specifically."

**3.** Ferdik contends that he did not refile his second amended complaint because he believed that he already had complied with the magistrate's and judge's orders. His brief states that Magistrate Michael Mignella Jr, who on 8/17/90 plaintiffs [sic] second amended complaint stricken and for plaintiff to refile second amended complaint that had already been filed in compliance with the judges [sic] and magistrates [sic] orders and plaintiff had thought had been the meaning of the order and had complied with it.

Given the clear and unequivocal language of the magistrate's order, which set out exactly why the second amended complaint *did not* comply, we find it difficult to accept Ferdik's offered excuse.

■ Similarly, and contrary to the dissent's assertions, the district court properly did consider less drastic alternatives before dismissing Ferdik's action. Although we have indicated a *preference* for explicit discussion by the district court of the feasibility of alternatives, *see, e.g., People v. Reyes,* 800 F.2d 940, 944 (9th Cir.1986), we never have held that such discussion is a requirement for us to uphold a district court's order of dismissal. *Malone,* 833 F.2d at 132. Explicit discussion of alternatives is especially unnecessary in a case like this one, where the district court actually *tried* alternatives before dismissing the case. *Id.* (citations omitted).

Here the fact that the district court first allowed Ferdik an additional thirty days in which to amend his complaint to bring it into compliance with Rule 10(a), constituted an attempt at a less drastic sanction to that of outright dismissal. Moreover, our decisions also suggest that a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the "consideration of alternatives" requirement. *Id.* at 132–33; *Henderson,* 779 F.2d at 1424. The court's order requiring Ferdik's compliance with Rule 10(a) expressly stated, "[p]laintiff is advised once again that if he fails to comply with this order, the Clerk of the Court shall enter a dismissal of the action without further notice to the plaintiff." [4]

With regard to the risk of prejudice to the defendants as a result of Ferdik's failure to amend, the peculiar facts of this case make it difficult to assess the appropriate weight to be accorded this factor. Without knowing who the defendants are (other than Bonzelet) we are hard pressed to determine how Ferdik's failure to amend put them at a disadvantage. Arguably they are disadvantaged by the very fact that they ostensibly are defendants in a lawsuit and yet they are entirely unaware of this fact by virtue of Ferdik's failure to specifically name them as defendants.

First, the phrase "et al." is short for "et alia," which means "and others." Webster's Third New International Dictionary Unabridged 779 (3d ed. 1986); Black's Law Dictionary 553 (6th ed. 1990). Ferdik's inclusion of this phrase in the caption of his second amended complaint announced that he was suing persons in addition to Bonzelet. But whom? Without additional information to assist in interpreting to whom it refers, "et al." is, by definition, ambiguous.

■ Second, other than amendment by Ferdik, in this case there is no other way of ascertaining the identities of the intended defendants. The only possible means, reference to Ferdik's original and first amended complaints which contained captions that listed other defendants in addition to Bonzelet, is precluded by the well-established doctrine that an amended pleading supersedes the original pleading. *Hal Roach Studios v. Richard Feiner & Co.,* 896 F.2d 1542, 1546 (9th Cir.1990) ("[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *Loux v. Rhay,* 375 F.2d 55, 57 (9th Cir.1967); 6 Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 1476, at 556–59 (1990). Because after amendment the original pleading no longer performs any function and is "treated thereafter as non-existent," *Loux,* 375 F.2d at 57, Ferdik's earlier complaints cannot have the effect of filling in the names of the defendants in the later "et al." pleading.

Finally, even if it were clearer that the unnamed defendants were not prejudiced by Ferdik's failure to specifically name them (a point that we by no means con-

---

**4.** We disagree with the dissent's argument that the case should be remanded for explicit consideration of striking "et al" as a less drastic alternative sanction. It is not the district court's role to amend plaintiff's complaint for him after his failure to comply with its court order to do just that. Moreover, we fail to see how the court deleting "et al" even can be considered a sanction since it essentially validates Ferdik's failure to comply with the court's order to amend and leaves open the possibility that he could add parties at a later time under Federal Rule of Civil Procedure 15(a). Finally, the district court has the discretion to consider and select which of those less drastic sanctions available of to employ and the mere fact that the dissent prefers an alternative sanction to that selected in this case is not ground for remand.

cede), we nonetheless would uphold the district court's dismissal after carefully weighing our findings with regard to all five dismissal factors. Even if the prejudice factor as well as the fifth factor regarding the public policy favoring disposition on the merits both weighed against dismissal, they would not outweigh the other three factors that strongly support dismissal here. *Cf. Malone,* 833 F.2d at 133 n. 2 (four factors heavily supporting dismissal outweigh one against dismissal).

The district court's dismissal of Ferdik's second amended complaint for failure to comply with its order to amend that complaint as required under Rule 10(a) is, therefore,

Affirmed.

WILLIAM A. NORRIS, Circuit Judge, dissenting:

The central fact in this appeal is that the second amended complaint in a prisoner's pro se civil rights action included a caption: "Michael Henry Ferdik vs. Joe T. Bonzelet et al." The sole question on appeal is whether the district court erred in dismissing the action as a sanction for Ferdik's failure to amend his complaint to remove the words "et al" from the caption. The majority assumes that Ferdik has a viable civil rights claim against Bonzelet, *see* op. at 1259 ("The substance of his complaint is not relevant to the question at issue in this appeal"), then fails to explain how the words "et al" in the caption could possibly prejudice Bonzelet. *See id.* at 1262–1263 (etymology of "et al" and discussion of potential defendants other than Bonzelet). Even assuming arguendo that the use of "et al" is not mere surplusage but renders the caption defective, I believe it was an abuse of discretion to dismiss the action against Bonzelet as a sanction for Ferdik's failure to amend the caption, especially when the court had available to it a much less drastic alternative, namely, an order striking the words "et al" from the caption. *See generally* 27 *Federal Procedure (Lawyer's Edition)* § 62:93 at 256 ("a court is not permitted to impose a sanction as drastic as a judgment of dismissal in order to force a legally artistic pleading"); Wright and Miller, *Federal Practice and Procedure* § 1321 at 730 ("a defective caption or even its complete absence is merely a formal error and never should be viewed as a fatal defect.")

If "et al" rendered the caption defective, then the district court could easily have stricken "et al" from the caption rather than striking the complaint itself. Striking "et al" would have satisfied the most stringent reading of Rule 10(a) and furthered the goal of resolving cases on the merits. It is essential to our liberal pleading rules that "[a]ll pleading shall be so construed as to do substantial justice," Fed.R.Civ.P. 8(f). In that spirit, we have similarly disregarded other purely formal defects. *See, e.g., Tinsley v. Borg,* 895 F.2d 520, 523 (9th Cir.1990) (a document labelled as a certificate of probable cause can "serve 'double duty' as notice of appeal."), *cert. denied,* — U.S. —, 111 S.Ct. 974, 112 L.Ed.2d 1059 (1991). It is particularly egregious to dismiss the claim of a pro se civil rights litigant for a purely formal defect. *See Eldridge v. Block,* 832 F.2d 1132, 1137 (9th Cir.1987) (we "liberally construe the 'inartful pleading' of pro se litigants") (quoting *Boag v. MacDougall,* 454 U.S. 364, 365, 102 S.Ct. 700, 701, 70 L.Ed.2d 551 (1982) (per curiam)). In light of the available option of striking "et al," I would hold that the district court abused its discretion in dismissing the action against Bonzelet as a sanction for Ferdik's failure to amend his complaint to delete the words "et al" from the caption.[1]

---

**1.** I am puzzled by the majority's reliance on a factor that was not relied upon by the district court in exercising its discretion to dismiss the action as a sanction for Ferdik's failure to delete the words "et al" from the caption: that Ferdik's civil rights claim "consumed large amounts of the [district] court's valuable time that it could have devoted to other major and serious criminal and civil matters on its docket." Op. at

1261–1262. Because the district court did not rely on that factor in exercising its discretion to sanction Ferdik, we may not consider it in reviewing the order of dismissal under the abuse of discretion standard. Our review is limited to factors relied upon by the district court in exercising its discretion; we have no authority to scour the record for factors that the district court *might* have considered. The question on

At a minimum, the case should be remanded for an explicit consideration of striking "et al" as a less drastic alternative sanction. A district court abuses its discretion when it uses dismissal as a sanction based upon a conclusory statement that it considered less drastic alternatives, *see Hamilton Copper & Steel Corp. v. Primary Steel*, 898 F.2d 1428, 1430 (9th Cir. 1990), and there is no basis in the record for believing that this case fits into the "narrow exception ... [for] egregious circumstances" when an inquiry into less drastic sanctions is unnecessary. *Id.* (citations and internal quotations omitted).

appeal is not how we would have exercised our discretion, for it is not our discretion to exercise.