988 F.2d 120
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leo F. MORRICAL, Jr., Plaintiff-Appellant,
v.
Ralph BRADFORD, Security Manager at Oregon State
Correctional Institution; Gloria Holland, R.N.;
Joseph V. Ochoa, Assistant Attorney
General for OSCI, Defendants-Appellees.
 No. 92-35491.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1993.*
Decided March 3, 1993.
 
 Appeal from the United States District Court for the District of Oregon; No. CV-91-6528-MRH, Michael R. Hogan, District Judge, Presiding.
 D.Or.
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Leo Morrical, an Oregon state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 civil rights action against prison officials for failure to respond to a court order. The district court had ordered Morrical to show cause why his complaint should not be dismissed pursuant to Fed.R.Civ.P. 4(j). We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.
 
 
 3
 The district court granted Morrical leave to file a complaint in forma pauperis on December 5, 1991. On December 20, 1991, the court struck Morrical's first amended complaint as incomplete and on December 31, 1991, Morrical filed a second amended complaint. On April 13, 1992, the court ordered Morrical to show cause in writing why his action should not be dismissed without prejudice for failure to serve his summons and complaint within 120 days pursuant to Fed.R.Civ.P. 4(j). Morrical failed to respond to this order and the court dismissed his complaint on May 7, 1992.
 
 
 4
 In determining whether to dismiss a complaint for failure to comply with an order of the court, the district court must weigh five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition on the merits; and (5) the availability of less drastic alternatives. Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir.), cert. denied, 113 S.Ct. 321 (1992). Although specific findings are preferred, we may review the record de novo in order to determine whether the district court abused its discretion. Id. at 1261.
 
 
 5
 A plaintiff proceeding in forma pauperis pursuant to 28 U.S.C. § 1915 must request service of the summons and complaint by court officers before the officers will be responsible for effecting such service. Boudette v. Barnette, 923 F2d 754, 757 (9th Cir.1991). Nothing in the record indicates that Morrical requested the marshal to serve his second amended complaint. Accordingly, Morrical remained responsible for its service. Id.
 
 
 6
 Because it appears from the record that Morrical did not effect service of his second amended complaint, the district court properly allowed him an opportunity to explain the situation. The order to show cause clearly indicated that dismissal of the complaint was at issue. Nevertheless, Morrical failed to file a response. Moreover, his brief on appeal is devoid of any explanation for either his failure to respond to the order to show cause or his failure to serve the defendants.[1]
 
 
 7
 In short, after weighing the five dismissal factors, we conclude that the district court's dismissal was not an abuse of discretion. The public's interest in expeditious resolution of litigation, the court's need to manage its docket and the fact that the district court allowed Morrical an opportunity to explain why he had failed to serve his complaint all weigh heavily in favor of the district court's dismissal of the complaint. See Ferdik, 963 F.2d at 260-61. Accordingly, the judgment of the district court is
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 He appears to assert in his brief that he tried to serve defendants by sending the complaint to the court. However, there is nothing in the record to support his requesting or even attempting service