34 F.3d 1071
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
CHAP VAN TA, Plaintiff-Appellant,
v.
GENERAL DYNAMICS, CONVAIR DIVISION, Defendant-Appellee.
 No. 93-56439.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 3, 1994.*
Decided Aug. 11, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Chap Van Ta (Chap) appeals pro se the district court's dismissal of his employment discrimination action against General Dynamics-Convair (GDC) for failure to prosecute and to obey a court order. We affirm.
 
 
 3
 We review the dismissal of Chap's case for abuse of discretion. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.) (dismissal for failure to obey court order), cert. denied, 113 S.Ct. 321 (1992); Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir.1992 (dismissal for failure to prosecute). District courts have the inherent power to control their dockets, and in exercising that power they may impose sanctions including, where appropriate, dismissal of a case. Ferdik, 963 F.2d at 1260. "[T]he failure to prosecute diligently is sufficient by itself to justify a dismissal...." Morris v. Morgan Stanley & Co., 942 F.2d 648, 651 (9th Cir.1991). Before dismissing a case on its own motion, the court should consider the availability of less drastic alternatives and whether the plaintiff has been warned of the possibility of dismissal. Oliva, 958 F.2d at 274.
 
 
 4
 This action stems from a 1986 incident in which Chap, who is Vietnamese, was allegedly beaten by his co-workers and then terminated for engaging in a fight. In February 1988, Chap filed this action alleging retaliatory discharge in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq., and the California Fair Employment and Housing Act, breach of contract, and related claims. In a previous appeal, we affirmed the district court's dismissal of and grant of summary judgment on several of these claims, but reversed the court's grant of summary judgment on Chap's retaliation claim. We also reversed the court's ruling that Chap's claim for breach of a collective bargaining agreement was barred by a six-month statute of limitations. Chap v. General Dynamics-Convair, No. 90-55359, unpublished memorandum decision (9th Cir. July 1, 1991).
 
 
 5
 On remand, the district court granted GDC's motion for summary judgment on Chap's contract claim. From May 1992 to January 1993, Chap, who had terminated his lawyer and was proceeding pro se, took no action on the case. Accordingly, on January 4, 1993, the court, on its own motion, held a hearing on whether to dismiss the case for lack of prosecution. After asking Chap whether he wanted to pursue the case and advising him of his obligation to get the case ready for trial, the district judge decided not to dismiss it. The judge warned Chap that if he failed to advance the case and to comply with the court's orders and deadlines, it would be dismissed. She instructed Chap to meet immediately with the magistrate judge to set a schedule to prepare the case for trial, and to adhere to that schedule.
 
 
 6
 Chap failed to meet with opposing counsel to prepare for the pretrial conference that was scheduled for August 23, 1993. On August 23, the district court held a hearing. The court explained to Chap that his participation in the pretrial meeting was mandatory. Chap stated that he could not meet with GDC until he had prepared a written response to GDC's memorandum of contentions. The court told Chap he did not need to prepare a written response to GDC's memorandum of contentions, but Chap continued to insist that he would not meet with opposing counsel until he had prepared a written response. He also stated that preparing a written response was difficult for him because of his limited education and knowledge of English, and because he had very little time to devote to the case. The court told Chap he must devote time to the case in order to get it ready for trial and comply with court deadlines or the case would be dismissed. Notwithstanding the court's explanations, Chap repeated that he did not have much time to devote to the case. Concluding that there was no hope of changing Chap's pattern of allowing the case to languish and ignoring the court's orders, the district court dismissed the action "for failure to comply with the order of the court to prepare [a] pretrial order" and for failure to prosecute.
 
 
 7
 The dismissal was not an abuse of discretion. Chap had allowed the case to languish for fifteen months, and the district court had warned him that his case would be dismissed if he did not prepare for trial and comply with the court's orders. Chap failed to participate in pretrial preparations, and at the second dismissal hearing, he appeared unable or unwilling to commit to preparing for trial. Under the circumstances, less drastic alternatives would have proved futile. Accordingly, the district court did not abuse its discretion by dismissing the case. See Ferdik, 963 F.2d at 1261-62; Morris, 942 F.2d at 652.
 
 
 8
 In light of our holding, we need not address the merits of the court's grant of summary judgment on Chap's contract claim.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3