34 F.3d 1073
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Laila F. SAYEGH; Issa A. Rabadi, Plaintiffs-Appellants,
v.
ALLSTATE INSURANCE COMPANY, Defendant-Appellee.
 No. 93-56604.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1994.*
Decided Aug. 26, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 On November 1, 1993, appellants Sayegh and Rabadi filed a notice of appeal from an order of the district court, entered August 23, 1993, that granted the motions of appellee Allstate Insurance Company ("Allstate") for judgment on the pleadings, as to seven of appellants' nine claims, and to strike certain language in the complaint. The district court entered an order October 25, 1993, dismissing the entire complaint for failure to comply with local rules and court orders and for failure to prosecute.
 
 
 3
 Appellee argues that we lack jurisdiction over this appeal because the notice of appeal states that appellants are filing "an appeal to the minute order granted August 2, 1993." Appellee contends that because the August order was for judgment on the pleadings as to some, but not all, of the plaintiffs' claims, the order is not final and cannot be appealed absent certification for interlocutory appeal pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.
 
 
 4
 Final judgment was entered in this matter on October 25, 1993. Rule 3(a) of the Federal Rules of Appellate Procedure provides that an appeal from a district court shall be taken by filing a notice of appeal within the time allowed by Rule 4, which, in this case, is "30 days after the date of entry of the judgment or order appealed from." Fed.R.App.P. 4(a)(1). "Although the time of appealability is jurisdictional and strictly applied, the requirements of Rule 3 are construed liberally." Intel Corp. v. Terabyte Int'l, Inc., 6 F.3d 614, 617-18 (9th Cir.1993). We liberally construe appellants' notice of appeal to be taken from the October 25 order, which was the final judgment in this case. Because the notice of appeal was filed within 30 days of the October 25 order, we have jurisdiction to consider this appeal.
 
 
 5
 We review for an abuse of discretion the district court's order dismissing a case for lack of prosecution. Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 113 S.Ct. 321 (1992). The record reflects that appellants failed to respond to several court orders, despite attempts by Allstate's counsel to contact them and seek their cooperation in complying with the district court's pretrial schedule. The district court did not abuse its discretion in dismissing appellants' action for failure to prosecute.
 
 
 6
 In granting Allstate's motions for judgment on the pleadings and to strike certain language in a complaint, the district court relied on a local rule that provided that a party's failure to timely file required opposition to a motion may be deemed consent to the granting of that motion. Appellants failed to respond to Allstate's motions. The district court properly granted the motions.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3