51 F.3d 281
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dewson Tony PANDOAH, Plaintiff-Appellant,
v.
Robert L. WRIGHT; James Spalding; Joddie Johnson; Carol
L. Moses, et al., Defendants-Appellees.
 No. 93-36126.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 21, 1995.*
Decided April 5, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dewson Tony Pandoah, a Washington state prisoner, appeals pro se the district court's dismissal without prejudice of his 42 U.S.C. Sec. 1983 action against prison officials for failure to file a complaint in proper form under Federal Rule of Civil Procedure 8(a) ("Rule 8(a)"). We review for abuse of discretion a district court's dismissal on grounds that a party failed to comply with a district court order. Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 113 S.Ct. 321 (1992). We have jurisdiction under 28 U.S.C. Sec. 1291, and affirm.
 
 
 3
 Pro se complaints are construed liberally. Ferdik, 963 F.2d at 1261. "Thus, before dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." Id. Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).
 
 
 4
 Here, in his first pleading, entitled "Consent Decree," Pandoah demanded relief from the district court without stating any facts or underlying claims to support his demand for relief. The district court issued an order to show cause why Pandoah's Consent Decree should not be dismissed because it did not comply with the requirements of Rule 8(a). This order was mailed to Pandoah but was returned to the district court, marked "refused by inmate." After no response from Pandoah, the district court dismissed Pandoah's Consent Decree, allowing Pandoah thirty days to submit an amended complaint. This order was mailed to Pandoah and was also returned to the district court, marked "refused by inmate." Over a month later, the district court dismissed Pandoah's action without prejudice for failing to submit a complaint which complies with Rule 8(a).
 
 
 5
 On appeal, Pandoah reiterates his demand for relief and does not offer any reason why his action should not have been dismissed.
 
 
 6
 The district court properly provided Pandoah notice of the deficiencies in his complaint and gave Pandoah an opportunity to amend his Consent Decree, see Ferdik, 963 F.2d at 1261, even though Pandoah refused to accept receipt of the district court orders. When Pandoah failed to comply with the district court order by submitting a cured complaint, the district court did not abuse its discretion by dismissing Pandoah's action without prejudice. See id. at 1260.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3