124 F.3d 212
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James F. PIFER, Plaintiff-Appellant,
v.
D. RUEGSEGGER, Defendant-Appellee.
 No. 96-17261.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 8, 1997.**
Decided Sept. 12, 1997.
 
 Appeal from the United States District Court for the Northern District of California, No. CV-94-02223-MMC(OEW); Maxine M. Chesney, District Judge, Presiding.
 Before: HALL, BRUNETTI, and, THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 California state prisoner James F. Pifer appeals pro se the district court's summary judgment for David Ruegsegger in Pifer's 42 U.S.C. § 1983 action alleging Ruegsegger was deliberately indifferent to his safety when he was confined in Pelican Bay State Prison's Security Housing Unit ("SHU"). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, see Wallis v. Baldwin, 70 F.3d 1074, 1076 (9th Cir.1995), and we affirm.
 
 
 3
 Pifer first contends that the district court erred by finding Ruegsegger was not deliberately indifferent to Pifer's safety when he allowed another inmate, Maela, to enter Pifer's cell and physically assault him. This contention is meritless.
 
 
 4
 Prison officials must take reasonable measures to protect inmates from attacks by other inmates. See Farmer v. Brennan, 511 U.S. 825, 832-33 (1994). A prisoner alleging an Eighth Amendment violation based on a prison official's failure to prevent harm must demonstrate that the harm was "objectively, 'sufficiently serious,' " and that the official had a culpable state of mind described as " 'deliberate indifference.' " See id. at 834 (citation omitted). A prison official is deliberately indifferent when the official has actual, subjective knowledge of an excessive risk of harm to the prisoner's safety and fails to prevent it. See id. at 837-39.
 
 
 5
 Here, in support of his motion for summary judgment, Ruegsegger declared that upon returning from the yard, Maela stopped in front of Pifer's cell; that he assumed Maela was in front of the correct cell; that he opened Pifer's cell because he believed Maela was assigned to it; that he did not intend, deliberately or otherwise, to allow Maela into Pifer's cell; and that he closed the door after Maela entered Pifer's cell and heard no sounds of disturbance. Pifer, in opposition, presented no evidence that Ruegsegger deliberately opened his cell, knowing that Pifer was in there and that Maela would enter and injure him. See id. at 837. Instead, Pifer offered only a conclusory allegation that Ruegsegger intentionally opened the wrong cell, which is not sufficient to withstand summary judgment. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989) (stating that nonmoving party cannot avoid summary judgment by presenting only conclusory allegations unsupported by factual data); cf. Lindsey v. Shalmy, 29 F.3d 1382, 1385 (9th Cir.1994) (stating that simple conclusory assertion of intent is not sufficient to avert summary judgment).[1] Accordingly, the district court did not err by granting Ruegsegger summary judgment. See Farmer, 511 U.S. at 837.[2]
 
 
 6
 Pifer also contends that the district court erred by granting the summary judgment motion before he completed discovery. Pifer, however, did not seek a continuance to conduct discovery, nor did he file an affidavit showing the particular facts he expected to find through discovery. See Fed.R.Civ.P. 56(f). Accordingly, the district court did not abuse its discretion by granting summary judgment before Pifer completed discovery. See Brae Transp., Inc. v. Coopers & Lybrand, 790 F.2d 1439, 1443 (9th Cir.1986).
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Although Pifer presented evidence suggesting a pattern of erroneous cell openings in the SHU, he presented no evidence that Ruegsegger habitually opened the wrong cell, or that he ever mistakenly opened the wrong cell. This is not sufficient to withstand summary judgment. See Farmer, 511 U.S. at 834
 
 
 [2]
 To the extent Pifer contends that the district court erred by dismissing his Fourteenth Amendment claim, this contention is meritless because in the prison security context, the Fourteenth Amendment affords a prisoner no greater protection than the Eighth Amendment. See Whitley v. Albers, 475 U.S. 312, 327 (1986). Nor did the district court err by allowing Pifer's action to proceed against only Ruegsegger, because Pifer's third amended complaint identified only Ruegsegger as a defendant and Pifer explicitly directed the court that he wanted to proceed against only Ruegsegger. See Fed.R.Civ.P. 10(a); Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.1992)