USCA1 Opinion

 

 [NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT] United States Court of Appeals For the First CircuitNo. 98-1143 RICHARD WILKES, Plaintiff, Appellant, v. CITY OF ROCHESTER, ET AL., Defendants, Appellees. APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Steven J. McAuliffe, U.S. District Judge] Before Torruella, Chief Judge, Coffin, Senior Circuit Judge, and Stahl, Circuit Judge.   Richard Wilkes on brief pro se. Donald E. Gardner, John P. Sherman, and Devine, Millimet &Branch on brief for appellees.September 21, 1998   Per Curiam. We have carefully reviewed the record in this case, including the briefs of the parties. Except as to the disposition of the pendent claims, we find no abuse of discretion in the dismissal of this case.  Several factors support the decision to dismiss this case, pursuant to Fed. R. Civ. P. 41(b). First, plaintiff violated an explicit court order by failing to file a response to defendants' motion to dismiss. See Figueroa Ruiz v. Alegria, 896 F.2d 645, 647 (1st Cir. 1990). Moreover, this disobedience occurred after the district court had shown sensitivity to plaintiff's pro se status by extending the time for filing a response and explaining exactly why the previous response was inadequate. See Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir.) (upholding dismissal where court had shown similar "sensitivity" to a pro se plaintiff's inadequate complaint), cert. denied, 506 U.S. 915 (1992).  Second, dismissal occurred only after plaintiff had been explicitly warned of the consequences of his failure to obey the court order. See Figueroa Ruiz, 896 F.2d at 547. Third, our review of the record convinces us that plaintiff's case, at least in regard to its federal claims, suffers from "glaring weaknesses." Id. For example, insofar as any of plaintiff's constitutional claims are not time barred, they are barred by the existence of adequate state remedies for inverse condemnation and conversion. See Culebras Enterprises Corp. v. Rivera Rios, 813 F.2d 506, 512-13 (1st Cir. 1987) (adequate state remedies bar just compensation claim); Hudson v. Palmer, 468 U.S. 517, 533 (1984) (deprivation of property). Plaintiff also fails to allege any "enduring criminal conduct" sufficient to sustain his RICO claim. SeeFeinstein v. Resolution Trust Corp., 942 F.2d 34, 45 (1st Cir. 1991) (RICO claim requires allegation either that predicate acts extended more than a few weeks or that a realistic threat of continued criminal activity exists). A final factor supporting dismissal in this case is the need to flush out at any early stage meritless RICO and civil rights claims since the mere assertion of these claims often has a "stigmatizing effect on those named as defendants."  Figueroa Ruiz, 896 F.2d at 650; see also Dartmouth Review v. Dartmouth College, 889 F.2d 13, 16 (1st Cir. 1989) (unfounded civil rights actions may "tar[] defendant's reputation unfairly").  For all the above reason, the district court did not abuse its discretion in dismissing plaintiff's federal claims.  However, the court order appears to dismiss with prejudice plaintiff's pendent state claims as well. This court has held it preferable to dismiss pendent state claims for want of jurisdiction. Figueroa Ruiz, 896 F.2d at 650. As to the federal claims, the judgment of dismissal is affirmed.  As to the pendent claims, the judgment is vacated and the case remanded with directions to enter a judgment dismissing the pendent claims without prejudice.