Archie **FERRARINI**, Plaintiff—Appellant,

v.

**CITY OF GLENDORA**; John Doe, # 1, Officer; Azusa Police Department; City of Azusa; John Doe, # 2, Officer; Glendora Police Department, Defendants—Appellees.

No. 02–55682.

D.C. No. CV–01–01039–DOC.

United States Court of Appeals, Ninth Circuit.

---

Submitted April 10, 2003.*

Decided June 2, 2003.

Before SCHROEDER, Chief Judge, GRABER, Circuit Judge, and SINGLETON,** District Judge.

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable James K. Singleton, United States District Judge for the District of Alaska, sitting by designation.

MEMORANDUM***

Archie Ferrarini appeals from an order of the district court denying his motion under Federal Rule of Civil Procedure 60(b) to set aside the *sua sponte* dismissal of his action pursuant to Federal Rule of Civil Procedure 41(b). *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (noting that "[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute"). Because Ferrarini did not timely appeal the underlying dismissal, this court does not have jurisdiction to consider that matter. The sole issue before the court is whether the district court abused its discretion by denying Ferrarini's motion to set aside the dismissal pursuant to Federal Rule of Civil Procedure 60(b). *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1223 (9th Cir.2000).

Despite his two operations and trial schedule, there is no dispute that Ferrarini's counsel received the order to show cause more than two weeks before the district court's deadline and discussed the order with his secretary. Ferrarini's counsel does not explain how his operations and trial schedule interfered with his ability to respond to the order. Notwithstanding the order clearly stating that Ferrarini was to give some type of response in writing by a date certain and that failure to comply could result in dismissal of the action, Ferrarini failed to respond in any manner. Ferrarini's briefings establish that his failure to respond

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

was due to culpable ignorance of the rules, which—under the facts of this case—is not excusable neglect. *See, e.g., Comm. for Idaho's High Desert, Inc. v. Yost,* 92 F.3d 814, 825 (9th Cir.1996) (noting that "in the absence of a persuasive justification for . . . misconstruction of nonambiguous rules there was no basis for deviating from the general rule") (citation and internal quotation marks omitted).

A review of the district court's order denying the Rule 60(b) motion establishes that it gave consideration to the factors prescribed by *Pioneer Investment Services Co. v. Brunswick Assocs.,* 507 U.S. 380, 392, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). In the circumstances, the district court was not required to consider measures less drastic than dismissal. *Ferdik v. Bonzelet,* 963 F.2d 1258, 1262 (9th Cir.1992) (noting that "our decisions . . . suggest that a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement"). For the foregoing reasons, the district court's order denying Ferrarini's Rule 60(b) motion was not an abuse of discretion.

AFFIRMED.