Francois R. BOURGEAU,
Plaintiff—Appellant,

v.

CORRECTIONS CORPORATION OF AMERICA., (named on Complaint as Correctional Corp. of America), et al., Defendants—Appellees.

No. 02–17444.

D.C. No. CV–01–01125–JWS.

United States Court of Appeals, Ninth Circuit.

Submitted July 21, 2003.*

Decided July 29, 2003.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the

Before LEAVY, HAWKINS, and RAWLINSON, Circuit Judges.

MEMORANDUM***

Francois Bourgeau appeals the district court's denial of his motion for reconsideration of the dismissal of his 42 U.S.C. § 1983 action. We have jurisdiction under 28 U.S.C. § 1291,[1] and we affirm.

I

On January 28, 2002, Bourgeau's Amended Complaint was dismissed for failure to state a claim, with 30 days leave to amend. On March 1, 2002, Bourgeau moved for an extension of time to file the Amended Complaint. On April 19, 2002, the district court granted Bourgeau's motion for an extension of time, allowing an additional 30 days to file the Amended Complaint. The order stated that if Bourgeau failed to file his Amended Complaint on the court-approved form within 30 days of the April 19, 2002 order, the action would be dismissed. The Amended Complaint was not received before the court's deadline. On June 5, 2002, the clerk entered an order dismissing the complaint and action without prejudice.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The district court dismissed the complaint and action without prejudice. Dismissal of the action is an appealable final judgment. *See Hoohuli v. Ariyoshi,* 741 F.2d 1169, 1172 (9th Cir.1984).

Bourgeau moved for reconsideration and submitted an Amended Complaint in July 2002. The district court denied the Motion for Reconsideration and directed the clerk to strike the Amended Complaint. Bourgeau appeals the denial of the Motion for Reconsideration.

## II

In denying the motion for reconsideration, the district court stated that the Amended Complaint was not timely and was not on the court approved form. Bourgeau does not allege excusable neglect. Rather, Bourgeau argues that the court already had an Amended Complaint in November 2001. However, that complaint was dismissed for failure to state a claim with 30 days leave to amend.[2]

We review a district court's denial of a Rule 60(b) motion for abuse of discretion. *See Laurino v. Syringa Gen. Hosp.,* 279 F.3d 750, 753 (9th Cir.2002). Under this standard, the trial court's exercise of discretion "should not be disturbed unless there is a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *Id.* (internal quotation marks omitted).

In considering whether to dismiss a case for failure to comply with a court order, the district court weighs 1) the public interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to the defendants; 4) the public policy favoring disposition of cases on their merits; and 5) the availability of less drastic alternatives. *Ferdik v. Bonzelet,* 963 F.2d 1258, 1260–61

(1992), *cert. denied,* 506 U.S. 915, 113 S.Ct. 321, 121 L.Ed.2d 242 (1992).

The public interest in expeditious resolution of litigation and the court's need to manage its docket weigh in favor of dismissal. Six months passed between the filing of the First Amended Complaint and the filing of the Motion for Reconsideration. The court considered less drastic alternatives by first allowing an additional 30 day extension, and then warning Bourgeau that his failure to comply with the court order would result in dismissal. *Id.* at 1262. Although public policy favors dispositions on the merits, and prejudice to the defendants is not clear from the record, considering all five factors, the district court did not clearly err or abuse its discretion in dismissing the action.

**AFFIRMED.**

---

**2.** We note that Bourgeau signed a motion in March 2002, requesting an extension of time to file the amended complaint "pursuant to the terms of the order of this court on or about 28 January 2002." The motion for extension of time continued, "it has been difficult ... to acquire all of the documentation necessary ... to comply with the court's directive of submitting a completely new complaint with respect to this action." Bourgeau was clearly aware of the court's January 28, 2002 order.