Victor A. SMITH, Plaintiff—Appellant,

v.

Dr. RANTZ, et al., Defendants—
Appellees.

No. 03–35042.
D.C. No. CV–02–00017–LBE.

United States Court of Appeals,
Ninth Circuit.

Submitted July 21, 2003.*

Decided Aug. 4, 2003.

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument.  See Fed. R.App. P. 34(a)(2).

Before LEAVY, HAWKINS, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Victor Smith appeals the district court's denial of his motion to reconsider the district court's denial of his application to proceed *in forma pauperis*. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.

The district court ordered Smith to provide six months of inmate account information to support his motion to proceed *in forma pauperis*. In the six months before Smith filed his Complaint, Smith had been incarcerated at Missoula Regional Prison and Crossroads Correctional Center. The district court dismissed Smith's application to proceed *in forma pauperis*, stating that "While Smith's proposed Complaint indicates that he was incarcerated at the Mis-

soula Regional Prison prior to his transfer to Crossroads, he did not submit a statement for his Missoula inmate trust account or any indication that he requested the documentation." Smith moved to reconsider, arguing that he had submitted account information from Missoula Regional Prison.

■ We review the denial of the motion to reconsider for an abuse of discretion. *See School District No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). The trial court's dismissal of the action should not be disturbed unless there is a definite and firm conviction that the trial court committed a clear error of judgment in the conclusion it reached upon weighing the relevant factors. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), *cert. denied*, 506 U.S. 915, 113 S.Ct. 321, 121 L.Ed.2d 242 (1992) (internal quotation marks omitted).

The Magistrate's Findings and Recommendation of October 4, 2002 indicate that, "Smith ... submitted a list of all canteen items he ... purchased *at Crossroads* and an 'Inmate Account Statement.'" (emphasis added). The Inmate Account Statement was from Crossroads as it listed "Crossroads Correctional Center" in its heading. Although the magistrate judge assumed the "list of all canteen items" was also from Crossroads, the typed canteen list did not state the prison of origin.[1]

The list of canteen items was also an account statement, with an account balance of zero. The list of canteen items covered a time period during which Smith was incarcerated at Missoula Regional Prison. Smith stated in his Complaint that he was transferred out of the Missoula Regional

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Handwritten at the top of the list of canteen items in the district court file is the word "Missoula." When clipped into the district court file, the handwriting is not visible.

Prison on or about May 1, 2002. The canteen item account statement covered the time period January 15, 2002—May 3, 2002, when Smith was still incarcerated at Missoula Regional Prison. The Crossroads Correctional Center Inmate Account Statement begins on May 1, 2002. Smith explained in his Petition for Permission to Appeal that, "This is where the error has taken place. The submitted list of all Canteen Items *is not from Crossroads!* This list is what the *Missoula Regional Prison* supplied to the Appellant for an Account Statement." (emphasis in original).

Determining that Smith submitted account statements from both the Crossroads Correctional Center and the Missoula Regional Prison as directed by the district court, we REVERSE and REMAND for further proceedings consistent with this memorandum.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.