**Alberta Rose JONES, Plaintiff—Appellant,**

v.

**Michael S. FIELDS; et al., Defendants—Appellees.**

**No. 04–16927.**

**D.C. No. CV–03–02790–JF.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 11, 2005.*

Decided Oct. 19, 2005.

Alberta Rose Jones, Sunnyvale, CA, pro se.

Paul T. Hammerness, Bill Lockyer, Attorney General, AGCA—Office of the California Attorney General, Colin L. Pearce, Duane, Morris LLP, San Francisco, CA; and Christian B. Nielsen, Robinson & Wood, Inc., San Jose, CA, for Defendants—Appellees.

Before T.G. NELSON, TALLMAN, and BEA, Circuit Judges.

MEMORANDUM**

Alberta Rose Jones appeals pro se the district court's order dismissing her 42 U.S.C. § 1983 action against Monterey

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

County Superior Court Judge Michael Fields, the City of Pacific Grove, and various local officials, alleging that her due process rights were violated in the course of animal abatement proceedings. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion a dismissal for failure to follow a court order, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.1992), and we affirm.

The district court did not abuse its discretion in dismissing Jones' action for failure to file a timely second amended complaint as ordered by the court. *See id.* at 1260–62. The district court granted numerous extensions of time to file a second amended complaint and warned Jones that failure to file by the date ordered would result in dismissal. The record does not support Jones' contention that she somehow reserved the right to stand on her first amended complaint. *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1064–65 (9th Cir.2004) ("The failure of the plaintiff eventually to respond to the court's ultimatum—either by amending the complaint or by indicating to the court that it will not do so—is properly met with the sanction of a Rule 41(b) dismissal.").

Jones' remaining contentions lack merit.

All pending motions are denied.

**AFFIRMED.**