**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| EVA M. KEISER, | Nos. 08-15423 |
| Plaintiff - Appellant, | 08-16078 |
| v. | D.C. No. 05-CV-02310-MJJ |
| LAKE COUNTY SUPERIOR COURT, employer and a government entity; et al., | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Martin J. Jenkins, District Judge, Presiding

Submitted February 16, 2010[**]

Before:     FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

Eva M. Keiser appeals pro se from the district court's judgment dismissing

her 42 U.S.C. § 1983 action alleging wrongful termination of her employment with

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes these cases are suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the Lake County Superior Court in violation of state and federal law. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal of an action for failure to state a claim, *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004), and grant of summary judgment, *Davis v. Yageo Corp.*, 481 F.3d 661, 673 (9th Cir. 2007). We review for abuse of discretion the district court's dismissal for failure to prosecute. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). We affirm.

The district court properly dismissed Keiser's intentional misrepresentation claim because defendants enjoyed governmental immunity for exercising their discretion regarding personnel decisions. *See* Cal. Gov. Code § 820.2 ("[A] public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused."); Cal. Gov. Code § 815.2(b) ("[A] public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability.")

The district court properly granted summary judgment on Keiser's due process claims because she failed to raise a triable issue as to whether she was provided with adequate due process prior or subsequent to her termination. *See Cleveland Bd. of Ed. v. Louderville*, 470 U.S. 532, 546 (1985) (pre-deprivation due

process rights entitle certain public employees to notice and opportunity to be heard); *see also* Cal. Gov. Code § 71650(d)(2) (provisions of Trial Court Employment Protection and Governance Act do not apply to "confidential employees").

The district court did not abuse its discretion by dismissing the claims against the remaining defendant for failure to prosecute in light of Keiser's unpreparedness to proceed at trial, the resulting prejudice to defendant, and the court's need to manage its docket. *See Ferdik,* 963 F.2d at 1260-61.

We do not review any determinations of the district court regarding which Kaiser failed to develop argument on appeal. *See Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1992) (issues raised in pro se litigant's brief but not supported by argument are deemed waived).

Keiser's remaining contentions are unpersuasive.

**AFFIRMED**.