**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUIS LORENZO ARMENTERO, | No. 08-16307 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-00268-JKS-CMK |
| v. | |
| JAMES E. TILTON, CDCR Secretary; MATTHEW KRAMER, Warden, Folsom State Prison, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
James K. Singleton, District Judge, Presiding

Submitted December 19, 2011[**]

Before:    GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

Luis Lorenzo Armentero, a California state prisoner, appeals pro se from the

district court's judgment in his 42 U.S.C. § 1983 action alleging that prison

lockdowns violated his constitutional rights.  We have jurisdiction under 28 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo the district court's dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We affirm.

The district court properly dismissed Armentero's claim based on deliberate indifference to his medical needs because Armentero failed to allege that defendants were aware of an excessive risk to his health based on his placement in segregation during prison lockdowns. *See Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004).

To the extent that Armentero challenged the conditions of his confinement based on a lack of exercise, the district court properly dismissed his claim because Armentero failed to allege a substantial deprivation in his second amended complaint. *See May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997) (explaining that "a temporary denial of outdoor exercise with no medical effects is not a substantial deprivation" under the Eighth Amendment); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (reference to original and first amended complaints was precluded by doctrine that an amended pleading supersedes the original pleading).

Armentero's remaining contentions are unpersuasive.

**AFFIRMED.**