**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PHILLIP JACKSON LYONS,

                Plaintiff - Appellant,

    v.

HOWARD SKOLNIK; et al.,

                Defendants - Appellees.

No. 11-17124

D.C. No. 2:10-cv-00707-JCM-LRL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted December 19, 2012[**]

Before:     GOODWIN, WALLACE, and FISHER, Circuit Judges.

    Nevada state prisoner Phillip Jackson Lyons appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging various

constitutional violations. We have jurisdiction under 28 U.S.C. § 1291. We

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review de novo a district court's summary judgment, *Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004), and for an abuse of discretion the district court's dismissal for failure to comply with court orders, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), and denial of leave to amend, *Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002). We affirm in part, reverse in part, and remand.

The district court properly granted summary judgment on Lyons's constitutional claims related to the denial of extra toilet paper because Lyons failed to raise a genuine dispute of material fact as to whether the prison's policy of providing inmates with only one roll of toilet paper a week, and requiring inmates to purchase extra toilet paper should they wish to exceed this allotment, amounted to the denial of the "minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

However, the district court abused its discretion in dismissing the remaining counts in Lyons's complaint for failure to comply with the court's order to amend and denying Lyons leave to file an amended complaint as there was no indication of undue delay, bad faith, or dilatory motive on Lyons's part, or that defendants, who had not yet filed a response to the complaint, would suffer undue prejudice through the filing of an amended complaint. *See Smith v. Pac. Props. & Dev.*

*Corp.*, 358 F.3d 1097, 1101 (9th Cir. 2004) (leave to amend should be freely given in the absence of reasons such as undue delay, bad faith, repeated failure to cure deficiencies by previously allowed amendments, or undue prejudice to the opposing party); *see also Ferdik*, 963 F.2d at 1260-61 (listing factors to consider prior to dismissal for failure to follow a court order).

Accordingly, the district court should have considered Lyons' first amended complaint, filed on February 7, 2011.  We reverse in part and remand to allow the district court to consider the first amended complaint in the first instance.  We note that the first amended complaint includes claims that the district court previously concluded were cognizable against some of the named defendants.

The parties shall bear their own costs on appeal.

**AFFIRMED in part; REVERSED in part; and REMANDED.**