NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 25 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JAMES PLAS SAMS,

    Plaintiff-Appellant,

 v.

COUNTY OF RIVERSIDE; CITY OF
JURUPA VALLEY; AARON AVILA,
Deputy, Riverside County Sheriff;
BRIDGETTE RECKSIEK, Deputy Sheriff,
Riverside County Sheriff's Dept.; HEATHER
POLAK, DPSS Social Worker; ALISON M.
AMARO, DPSS Social Worker;
ANASTASIA GEORGGIN, Attorney at
Law; DAWN SHIPLEY, Attorney of Law;
THERESA DEVRIES, Attorney at Law;
STACY MCCOY, Attorney at Law;
MELISSA A. CHAITIN, Attorney at Law;
JENNIFER FLORES, Deputy District
Attorney; MD CP, Transcriber, District
Attorney Office; LYCOPOLOUS, Deputy
Sheriff; MELENDEZ, Deputy Sheriff;
RIVERSIDE COUNTY SHERIFF'S
DEPARTMENT,

    Defendants-Appellees.

No. 20-55256

D.C. No. 5:17-cv-01848-SVW-PVC

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

---

 [*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Submitted August 17, 2022[]

Before:       S.R. THOMAS, PAEZ, and LEE, Circuit Judges.

James Plas Sams appeals pro se from the district court's judgment dismissing his action alleging federal and state law claims for failure to comply with a court order. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a dismissal under Federal Rule of Civil Procedure 41(b). *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). We affirm.

The district court did not abuse its discretion by dismissing Sams's action after Sams failed to comply with a court order in which the district court warned him that failure to submit service of process forms or voluntarily dismiss his remaining claims would result in dismissal for failure to prosecute. *See* Fed. R. Civ. P. 41(b) (The district court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order."); *Ferdik*, 963 F.2d at 1261-62 (setting forth factors for determining whether an action should be dismissed as a sanction for failure to comply with a court order).

We do not consider Sams's arguments concerning the underlying merits of this action. *See Al-Torki v. Kaempen*, 78 F.3d 1381, 1386 (9th Cir. 1996) (holding that interlocutory orders are not appealable after a dismissal for failure to

---

[**]       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

prosecute, whether the failure to prosecute is purposeful or a result of negligence or mistake).

**AFFIRMED.**