127 F.3d 1105
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Arthur HARRIS, Plaintiff-Appellant,
v.
James GOMEZ, Defendant-Appellee.
 No. 97-16238.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1997.**
Decided Oct. 24, 1997.
 
 Appeal from the United States District Court for the Eastern District of California Robert E. Coyle, District Judge, Presiding
 Before: THOMPSON, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Arthur Harris, a California state prisoner, appeals pro se the district court's Fed.R.Civ.P. 41(b) dismissal without prejudice of his 42 U.S.C. § 1983 action for failing to comply with a magistrate judge's order requiring Harris to submit a second amended complaint. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion, see Ferdik v. Bonzelt, 963 F.2d 1258, 1260 (9th Cir.1992), and we affirm.
 
 
 3
 Harris contends that the district court abused its discretion by dismissing his action. We disagree.
 
 
 4
 The district court may dismiss an action for failure to comply with any order of the court. Fed.R.Civ.P. 41(b). A trial court's dismissal under Rule 41(b) will not be disturbed unless we have a "definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Ferdik, 963 F.2d at 1260. The relevant factors include: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." Id. at 1260-61.
 
 
 5
 The record demonstrates that the magistrate judge afforded Harris several opportunities to amend his complaint and specifically explained to him that his amended complaint could not incorporate by reference the initial complaint. See id. at 1261-62. In addition, the magistrate judge explicitly warned Harris that his failure to comply with the filing deadlines for amendment could result in the dismissal of his action. See id.; see also Malone v. United States Postal Serv., 833 F.2d 128, 132-33 (9th Cir.1987). Moreover, when Harris notified the district court that he was in administrative segregation, the deadline for his amended complaint was extended to April 4, 1997, over four months from the filing of his notice. Harris did not submit any further filings and on June 12, 1997, the district court ordered his action dismissed without prejudice. Under these circumstances, we conclude the district court did not abuse its discretion by dismissing Harris' action for failing to submit a second amended complaint. See Ferdik, 963 F.2d at 1261-63.
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3