[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
United States Court of Appeals
For the First Circuit

No. 98-1143

RICHARD WILKES,

Plaintiff, Appellant,

v.

CITY OF ROCHESTER, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Steven J. McAuliffe, U.S. District Judge]

Before

Torruella, Chief Judge,
Coffin, Senior Circuit Judge,
and Stahl, Circuit Judge.

Richard Wilkes on brief pro se.
Donald E. Gardner, John P. Sherman, and Devine, Millimet &
Branch on brief for appellees.

September 21, 1998

Per Curiam. We have carefully reviewed the record in
this case, including the briefs of the parties. Except as to
the disposition of the pendent claims, we find no abuse of
discretion in the dismissal of this case. 
Several factors support the decision to dismiss this
case, pursuant to Fed. R. Civ. P. 41(b). First, plaintiff
violated an explicit court order by failing to file a response
to defendants' motion to dismiss. See Figueroa Ruiz v.
Alegria, 896 F.2d 645, 647 (1st Cir. 1990). Moreover, this
disobedience occurred after the district court had shown
sensitivity to plaintiff's pro se status by extending the time
for filing a response and explaining exactly why the previous
response was inadequate. See Ferdik v. Bonzelet, 963 F.2d
1258, 1261 (9th Cir.) (upholding dismissal where court had
shown similar "sensitivity" to a pro se plaintiff's inadequate
complaint), cert. denied, 506 U.S. 915 (1992). 
Second, dismissal occurred only after plaintiff had
been explicitly warned of the consequences of his failure to
obey the court order. See Figueroa Ruiz, 896 F.2d at 547.
Third, our review of the record convinces us that
plaintiff's case, at least in regard to its federal claims,
suffers from "glaring weaknesses." Id. For example, insofar
as any of plaintiff's constitutional claims are not time
barred, they are barred by the existence of adequate state
remedies for inverse condemnation and conversion. See Culebras
Enterprises Corp. v. Rivera Rios, 813 F.2d 506, 512-13 (1st
Cir. 1987) (adequate state remedies bar just compensation
claim); Hudson v. Palmer, 468 U.S. 517, 533 (1984) (deprivation
of property). Plaintiff also fails to allege any "enduring
criminal conduct" sufficient to sustain his RICO claim. SeeFeinstein v. Resolution Trust Corp., 942 F.2d 34, 45 (1st Cir.
1991) (RICO claim requires allegation either that predicate
acts extended more than a few weeks or that a realistic threat
of continued criminal activity exists).
A final factor supporting dismissal in this case is
the need to flush out at any early stage meritless RICO and
civil rights claims since the mere assertion of these claims
often has a "stigmatizing effect on those named as defendants." 
Figueroa Ruiz, 896 F.2d at 650; see also Dartmouth Review v.
Dartmouth College, 889 F.2d 13, 16 (1st Cir. 1989) (unfounded
civil rights actions may "tar[] defendant's reputation
unfairly"). 
For all the above reason, the district court did not
abuse its discretion in dismissing plaintiff's federal claims. 
However, the court order appears to dismiss with prejudice
plaintiff's pendent state claims as well. This court has held
it preferable to dismiss pendent state claims for want of
jurisdiction. Figueroa Ruiz, 896 F.2d at 650.
As to the federal claims, the judgment of dismissal
is affirmed. 
As to the pendent claims, the judgment is vacated and
the case remanded with directions to enter a judgment
dismissing the pendent claims without prejudice.