**Patricia WEISSLEADER, Plaintiff—Appellant,**

v.

**COUNTY OF RIVERSIDE, Defendant—Appellee.**

No. 04–55535.

United States Court of Appeals, Ninth Circuit.

Submitted April 4, 2005.*

Decided April 11, 2005.

Patricia Weissleader, Desert Hot Springs, CA, pro se.

Kenneth Kreeble, Esq., L. Alexandra Fong, Lewis Brisbois Bisgaard & Smith LLP, San Bernardino, CA, for Defendant–Appellee.

Before: KOZINSKI, HAWKINS, and CLIFTON, Circuit Judges.

MEMORANDUM **

Patricia Weissleader appeals pro se the district court's dismissal without prejudice

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

of her action alleging that the County of Riverside violated her rights in various ways including racketeering, harassment and warrantless searches. We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion a dismissal for failure to prosecute, *Al–Torki v. Kaempen*, 78 F.3d 1381, 1384 (9th Cir.1996), and for failure to comply with the court's order requiring submission of an amended complaint in a timely manner, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.1992). We affirm.

The district court did not abuse its discretion when it dismissed Weissleader's action for failure to prosecute because Weissleader failed to submit a proposed second amended complaint within the enlarged time she had requested and obtained. *See Ferdik*, 963 F.2d at 1260–61. In addition, the district court gave proper consideration to the various factors required to evaluate whether dismissal under Fed.R.Civ.P. 41(b) was appropriate. *See id.; Al–Torki*, 78 F.3d at 1384.

Weissleader contends that the district court erroneously concluded that her original complaint and proposed first amended complaint failed to state a claim. We decline to consider these rulings because earlier-entered interlocutory orders are not subject to review once the case is dismissed for failure to prosecute. *See Al–Torki*, 78 F.3d at 1386 ("If the dismissal is for failure to prosecute ... then interlocutory orders cannot be appealed.").

Weissleader contends that there was an ex-parte communication between the County and the district court. She points to a statement in an order by the district court regarding an anonymous telephone call and alleges that the district court's knowledge of this call could only have originated from an undisclosed communication by the County to the court. On the contrary, this allegation about the telephone call appears on page 17 of the original complaint.

Weissleader's remaining contentions also lack merit.

**AFFIRMED.**