**Antonneo R. BOYCE, Plaintiff—Appellant,**

v.

**Dora B. SCHRIRO, Director; et al., Defendants—Appellees.**

No. 06–17153.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2008.*

Filed March 24, 2008.

Antonneo R. Boyce, Florence, AZ, pro se.

Kelley J. Morrissey, Mary Jane Gregory, Esq., AGAZ–Office of the Arizona At-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

torney General, Phoenix, AZ, for Defendants–Appellees.

Before: CANBY, T.G. NELSON, and BEA, Circuit Judges.

MEMORANDUM **

Antonneo R. Boyce, an Arizona state prisoner, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional violations in connection with his parole hearing and classification. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim, *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir.2004), and for abuse of discretion a dismissal for failure to comply with a court order, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). We affirm.

■ The district court properly dismissed Boyce's due process claim against the parole board defendants because he failed to allege any constitutional violation arising from the parole board's consideration of a supplemental report. *See Biggs v. Terhune*, 334 F.3d 910, 915 (9th Cir. 2003) (holding that due process requirements are satisfied if some evidence supports parole board decision and the evidence has some indicia of reliability).

The district court properly dismissed Boyce's due process claim against Schriro because inmates have no inherent liberty interest in their classification by prison officials. *See Frost v. Agnos*, 152 F.3d 1124, 1130 (9th Cir.1998).

■ The district court properly dismissed Boyce's equal protection claim against the parole board defendants because he failed to allege that defendants "acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir.2005) (internal quotations and citations omitted).

■ The district court did not abuse its discretion in dismissing Boyce's equal protection claim against Schriro because Boyce failed to comply with the district court's order requiring Boyce to respond to Schriro's motion to dismiss. *See Ferdik*, 963 F.2d at 1260 ("[T]he district court may dismiss an action for failure to comply with any order of the court."); Fed. R.Civ.P. 41(b) (permitting involuntary dismissal for failure to comply with court order).

Boyce's remaining contentions are unpersuasive.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.