FILED

JAN 11 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES SAMUEL GORDON, Jr., | No. 11-35373 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-05140-LRS |
| v. | |
| BAC HOME LOANS SERVICING LP, FKA Countrywide Home Loan Servicing LP; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, District Judge, Presiding

Submitted December 19, 2011[**]

Before:     GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

James Samuel Gordon, Jr., appeals pro se from the district court's judgment

dismissing his action alleging violations of federal and state statutes arising from

defendants' transmission of unsolicited commercial email or spam.  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291.  We review for an abuse of discretion a dismissal for failure to comply with a court order, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), and de novo a dismissal for failure to state claim, *Miller v. Yokohama Tire Corp*., 358 F.3d 616, 619 (9th Cir. 2004).  We affirm.

The district court did not abuse its discretion in dismissing Gordon's action after he failed to comply with the court's order to amend to cure the defects in one of his claims, and instead filed entirely new claims, many of which had been dismissed in prior actions.  *See* Fed. R. Civ. P. 41(b) (allowing dismissal of action for failure to comply with court order); *Ferdik*, 963 F.2d at 1260-63 (listing factors to guide decision to dismiss under Rule 41(b) and noting that dismissal can be appropriate if strongly supported by a majority of factors).

The district court also properly dismissed Gordon's claims on the merits.

First, Gordon's claim under the Washington Commercial Electronic Mail Act was barred by the two-year catchall limitations period applicable to Washington state law claims that lack an enumerated limitations period.  *See* Wash. Rev. Code § 4.16.130.

Second, Gordon's claims under the Computer Fraud and Abuse Act failed because alleged violations of Section 1030 were barred by that provision's two-year limitations period, and alleged violations of Section 1037 Act are not

cognizable as a civil cause of action. *See* 18 U.S.C. § 1030(g) and 1037; *see also Touche Ross & Co. v. Redington,* 442 U.S. 560, 575-77 (1979) (test to determine if there is an implied civil cause of action for conduct prohibited by criminal statute).

Third, Gordon lacked standing under the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003. *See Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1051-57 (9th Cir. 2009) (explaining in analogous context that Gordon is not an adversely affected, bona fide Internet access provider who has standing to sue under the Act).

Finally, Gordon failed to allege the essential damage element of a claim under the Washington Consumer Protection Act. *See Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 535-39 (Wash. 1986) (listing claim elements); *see also Virtumundo*, 575 F.3d at 1065-66 (Gordon failed to allege elements of nearly identical claim).

Gordon's remaining contentions are unpersuasive.

**AFFIRMED**.