FILED

AUG 02 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEVONTE BERNARD HARRIS,

Plaintiff - Appellant,

v.

KEITH HIGGINS; et al.,

Defendants - Appellees.

No. 12-15721

D.C. No. 2:08-cv-01711-LDG

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Lloyd D. George, District Judge, Presiding[**]

Submitted July 24, 2013[***]

Before:    ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

On February 2, 2013, the district court certified that this appeal is not taken

in good faith and has revoked appellant's in forma pauperis status. Our review of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Lloyd D. George, United States District Judge for the District of Nevada, sitting by designation.

[***]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

the record indicates that appellant is entitled to in forma pauperis status for this appeal. *See* 28 U.S.C. § 1915(a).

California state prisoner Devonte Bernard Harris appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging retaliation and violations of his Eighth Amendment rights. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion the dismissal of an action for failure to comply with an order to file an amended complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). We vacate and remand.

The district court did not make explicit findings concerning the five factors relevant to dismissal under Federal Rule of Civil Procedure 41(b). *Id*. at 1260-61 (describing relevant factors). We may, however, "review the record independently to determine if the district court has abused its discretion." *Id*. at 1261.

Our review shows that the "extreme circumstances" justifying dismissal with prejudice under Rule 41 may not have been present. *Id*. at 1260 (dismissal with prejudice under Rule 41(b) "is a harsh penalty and . . . should only be imposed in extreme circumstances"); *see also Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) (granting leave to amend and warning of dismissal for failure to comply did not constitute consideration of less drastic alternatives). For example, the order dismissing Harris's action states that Harris did not provide any reason in his

motion for extension of time for his failure to timely file that motion. His motion, however, did provide a reason.

Accordingly, because it is not clear from the record whether dismissal was appropriate, we vacate and remand for further consideration, including whether, under the relevant factors, dismissal with prejudice is warranted.

Harris's pending motions are denied as unnecessary.

**VACATED and REMANDED.**

12-15721