**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PATRICK NEAL KOONTZ,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>MAX WILLIAMS, in his official and individual capacity as Director of the Oregon Department of Corrections; et al.,<br><br>Defendants - Appellees. | No. 12-35741<br><br>D.C. No. 3:10-cv-06227-HU<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted December 17, 2013[**]

Before:     GOODWIN, WALLACE, and GRABER, Circuit Judges.

Oregon state prisoner Patrick Neal Koontz appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action challenging the

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

conditions of his confinement. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a dismissal for failure to file an amended complaint in compliance with Federal Rule of Civil Procedure 8. *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). We affirm.

Contrary to defendants' contention, Koontz's notice of appeal is timely as to the judgment of dismissal. A notice of appeal filed by a prisoner is presumed to have been delivered to prison officials for mailing at least one day before its filing date. *See Sudduth v. Arizona Atty. Gen.*, 921 F.2d 206, 207 (9th Cir. 1990) (order). Here, Koontz filed his notice of appeal on the fifteenth day after the district court's order granting his motion to reopen, and it is timely because he is presumed to have given it to prison officials to file on the fourteenth day. *See* Fed. R. App. P. 4(a)(6) (appeal must be filed within fourteen days after the district court's order reopening the time to file an appeal); Fed. R. App. P. 4(c) (inmate's notice of appeal is deemed timely if deposited in institution's internal mail system on or before the last day of filing).

The district court did not abuse its discretion by dismissing Koontz's action with prejudice after Koontz failed to comply with the court's order to file an amended complaint despite obtaining four extensions of time totaling more than a year. *See Ferdick v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (setting

12-35741

forth factors applicable to dismissal for failure to comply with an order to amend); *McHenry*, 84 F.3d at 1177 (affirming dismissal where plaintiff failed to amend complaint in compliance with Rule 8 despite three opportunities to amend).

The district court did not abuse its discretion by denying Koontz's motion for reconsideration because Koontz failed to establish grounds for relief under either Federal Rule of Civil Procedure 59(e) or 60(b). *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and listing factors for reconsideration and relief from judgment under Rules 59(e) and 60(b)).

We reject Koontz's contentions that the district court failed to consider his pro se status, his need for additional time to allege supplemental claims permitted by the court, and the "totality of the circumstances" before dismissing his action.

**AFFIRMED.**