**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RALPH STANLEY COOPER,

           Plaintiff - Appellant,

v.

KEVIN BENNETT,

           Defendant - Appellee.

No. 13-35800

D.C. No. 6:11-cv-06028-TC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Thomas M. Coffin, Magistrate Judge, Presiding

Argued and Submitted May 5, 2015
Portland, Oregon

Before: W. FLETCHER and HURWITZ, Circuit Judges, and WALTER,[**] Senior District Judge.

Ralph Stanley Cooper brought suit under 42 U.S.C. § 1983 against Oregon state trooper Kevin Bennett for alleged constitutional violations arising out of a traffic stop. Cooper claims that Bennett unlawfully detained him and his traveling

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      [**]    The Honorable Donald E. Walter, Senior District Judge for the U.S. District Court for the Western District of Louisiana, sitting by designation.

companions in violation of the Fourth Amendment, unlawfully searched and seized the rental car they occupied in violation of the Fourth Amendment, and stopped him and his companions on the basis of their race in violation of the Fourteenth Amendment and 42 U.S.C. § 1981. The district court granted partial summary judgment to Bennett on Cooper's second, third, and fourth claims, and, two days into a jury trial on the first claim, dismissed the action with prejudice under Federal Rule of Civil Procedure 41(b) as a sanction for Cooper's unauthorized contact with a juror. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We conclude that the district court acted within its discretion in dismissing the action with prejudice. Under an abuse-of-discretion standard, we "will not disturb the trial court's dismissal without a 'definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant facts.'" *Yourish v. Cal. Amplifier*, 191 F.3d 983, 989 (9th Cir. 1999) (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992)). We find no "clear error of judgment" on these facts. The district court reasonably concluded that Cooper's prior communication with a witness cast doubt on his claim that his conversation with the juror was innocent misconduct. The district court likewise reasonably concluded that a limiting instruction would not have cured the effect that the conversation had on the juror. Although the district court

2

could have reasonably concluded that a mistrial, rather than a dismissal under Rule 41(b), was the appropriate remedy for the unauthorized contact, it did not abuse its discretion, under the particular facts of this case, in concluding otherwise.

Assuming without deciding that the district court's grant of partial summary judgment to Bennett is properly before us, we also conclude that the district court did not err in granting partial summary judgment to Bennett on Cooper's second, third, and fourth claims. Even if *United States v. Thomas*, 447 F.3d 1191 (9th Cir. 2006), extends to a passenger not registered to drive a rental car, Cooper had not been given permission to use the car seized on January 24, 2009, and thus would not have had standing to challenge its search or seizure. Cooper's racial profiling claims, moreover, are defeated by circuit precedent. *See Bingham v. City of Manhattan Beach*, 341 F.3d 939, 948 (9th Cir. 2003) (rejecting a § 1983 plaintiff's argument that "because he is African-American, the officer is white, and they disagree about the reasonableness of the traffic stop, these circumstances are sufficient to raise an inference of racial discrimination"). The district court did not err in granting partial summary judgment to Bennett on these claims.

**AFFIRMED.**