**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 14 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALEXANDER McLAREN; et al., | No. 15-35849 |
| Appellants, | D.C. No. 2:14-cv-00575-TSZ |
| v. | |
| PETER H. ARKISON; et al., | MEMORANDUM* |
| Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Submitted August 9, 2017**

Before:    SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Alexander McLaren appeals pro se from the district court's judgment

dismissing for failure to prosecute his appeal of a bankruptcy court order. We have

jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *Al-*

*Torki v. Kaempen*, 78 F.3d 1381, 1384 (9th Cir. 1996). We affirm.

---

*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court did not abuse its discretion when it dismissed McLaren's appeal for failure to prosecute because McLaren had failed to file the opening brief more than 17 months after the appeal was filed. *See id.* at 1384-85 (discussing factors to be considered before dismissing a case for failure to prosecute); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (although dismissal is a harsh penalty, the district court's dismissal should not be disturbed absent "a definite and firm conviction" that it "committed a clear error of judgment" (citations and internal quotation marks omitted)). Contrary to McLaren's contention, the district court did not abuse its discretion when it denied his untimely motion for an extension of time to file the opening brief because McLaren failed to establish extraordinary circumstances. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258-62 (9th Cir. 2010) (setting forth standard of review and factors to be considered before denying an untimely motion for an extension of a deadline).

The district court did not abuse its discretion when it denied McLaren's motion for reconsideration because McLaren failed to demonstrate any grounds for relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993) (setting forth standard of review and identifying circumstances when reconsideration is appropriate).

**AFFIRMED.**