**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PAMELA S. OWEN, | No. 16-35398 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-05375-BHS |
| v. | |
| CHUCK E. ATKINS, in his official capacity as Clark County Sheriff; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted August 9, 2017[**]

Before:    SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Pamela S. Owen appeals pro se from the district court's judgment in her 42

U.S.C. § 1983 action alleging federal and state law claims arising out of

foreclosure proceedings.  We have jurisdiction under 28 U.S.C. § 1291.  We

review de novo.  *Lacey v. Maricopa County*, 693 F.3d 896, 911 (9th Cir. 2012)

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(dismissal for failure to state a claim); *Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011) (cross-motions for summary judgment). We affirm.

The district court properly dismissed Owen's § 1983 claims against Federal Home Loan Mortgage Corporation and MTC Financial, Inc. because Owen failed to allege facts sufficient to show that these defendants acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (to state a claim under § 1983 a plaintiff must show that the alleged deprivation was committed by a person acting under color of state law); *see also Apao v. Bank of N.Y.*, 324 F.3d 1091, 1094-95 (9th Cir. 2003) (non-judicial foreclosure was not state action and therefore did not implicate due process); *Franklin v. Fox*, 312 F.3d 423, 444-45 (9th Cir. 2002) (a private individual acts under color of state law only when there is significant state involvement in the action).

The district court properly granted summary judgment on Owen's § 1983 due process claim against Atkins because Owen failed to raise a genuine dispute of material fact as to whether Atkins violated her constitutional or statutory rights. *See West*, 487 U.S. at 48 ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.").

16-35398

The district court did not abuse its discretion by dismissing Owen's Washington Consumer Protection Act ("CPA") claim with prejudice after Owen failed to comply with the district court's order to file an amended complaint despite being warned of the consequence for failing to file it and receiving an extension to do so. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (setting forth standard of review and listing factors to be considered in dismissing a case as a sanction for failure to comply with a court order requiring submission of an amended complaint). Because we affirm the district court's dismissal of Owen's CPA claim as a sanction for failure to comply with a court order, we do not consider the district court's interlocutory orders regarding Owen's CPA claim. *See Al-Torki v. Kaempen*, 78 F.3d 1381, 1386 (9th Cir. 1996) ("[I]nterlocutory orders, generally appealable after a final judgment, are not appealable after a dismissal for failure to prosecute[.]").

We reject as meritless Owen's contention that the district court was required to determine whether qualified immunity applied.

We do not consider arguments or facts that were not presented to the district court, or matters not specifically and distinctly raised and argued in the opening brief. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

**AFFIRMED.**

16-35398