**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BAHMAN KHODAYARI, | No.    18-55247 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-02810-RHW-JEM |
| v. | |
| CITY OF LOS ANGELES; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Robert H. Whaley, District Judge, Presiding

Submitted May 21, 2019[**]

Before:  THOMAS, Chief Judge, FRIEDLAND and BENNETT, Circuit Judges.

Bahman Khodayari appeals pro se from the district court's order dismissing

for failure to comply with discovery obligations his 42 U.S.C. § 1983 action

alleging federal and state law claims.  We have jurisdiction under 28 U.S.C.

§ 1291.  We review for an abuse of discretion.  *Yourish v. California Amplifier*,

---

[*]        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

191 F.3d 983, 986 (9th Cir. 1999) (dismissal under Fed. R. Civ. P. 41(b)); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1105 (9th Cir. 2001) (imposition of discovery sanctions under Fed. R. Civ. P. 37(c)(1)). We affirm.

The district court did not abuse its discretion in dismissing under Rule 41(b) because Khodayari failed to comply with discovery obligations under Federal Rule of Civil Procedure 26. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (setting forth the five factors to be weighed when considering dismissal for failure to comply with a court order, and stating that, although preferred, the district court is not required to make explicit findings; this court may review the record independently to determine if the district court has abused its discretion).

The district court did not abuse its discretion by granting defendants' motion under Rule 37(c)(1) to exclude evidence which had not been produced during the course of discovery because Khodayari failed to demonstrate the harmlessness of the non-production. *See Yeti by Molly, Ltd.*, 259 F.3d at 1105-1106 (recognizing that the district court has "wide latitude" in imposing sanctions under Rule 37(c)(1) and the burden of demonstrating the harmlessness of the delayed or non-production rests on the party facing sanctions).

**AFFIRMED.**