**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 17 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DONALD RICHARD CHILDS II, | No. 19-15423 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-00316-KJD-VCF |
| v. | |
| BOYD GAMING CORPORATION, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted July 14, 2020[**]

Before: CANBY, FRIEDLAND, and R. NELSON, Circuit Judges.

Donald Richard Childs II appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1981 action alleging racial discrimination. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a district court's dismissal under Federal Rule of Civil Procedure 41(b). *Ferdik v.*

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). We affirm.

The district court did not abuse its discretion by dismissing Childs's action with prejudice because Childs failed to comply with the district court's order to file an amended complaint, and failed to oppose defendant's motion to dismiss under Rule 41(b). *See id.* at 1260-63 (setting forth factors for determining whether a pro se action should be dismissed under Rule 41(b) and requiring "a definite and firm conviction" that the district court "committed a clear error of judgment" in order to overturn such a dismissal (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by denying Childs's Rule 60(b)(6) motion because Childs failed to demonstrate any basis for relief. *See Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1100, 1102-03 (9th Cir. 2006) (setting forth standard of review, discussing required showing for Rule 60(b)(6) relief, and explaining that relief may be granted "only where extraordinary circumstances" are present (citations and internal quotation marks omitted)).

**AFFIRMED.**