**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KELLY BARNETT,<br><br>              Plaintiff-Appellant,<br><br>  v.<br><br>UBIMODO, INC.; UBIMODO INSURANCE LLC; SOTERIA INSTITUTE; SCOTT WARNER; UBIMODO LTD CANADA; STARR INDEMNITY & LIABILITY COMPANY; ARMOUR RISK MANAGEMENT, AKA Bedivere Insurance Company, AKA Bevidere, AKA Trebuchet Holdings LLC, jointly and severable,<br><br>              Defendants-Appellees. | No.   20-35299<br><br>D.C. No. 6:18-cv-00418-MC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted October 26, 2021 [**]

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:  FERNANDEZ, SILVERMAN, and NGUYEN, Circuit Judges

Kelly Barnett appeals the district court orders terminating her copyright infringement action.  We have jurisdiction pursuant to 28 U.S.C. § 1291.  We review de novo the orders dismissing for failure to state a claim and granting summary judgment.  *UMG Recordings, Inc. v. Shelter Cap. Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013).  We review the dismissal pursuant to Federal Rule of Civil Procedure 41(b) for an abuse of discretion.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).  We affirm.

The district court acted well within its discretion by dismissing Soteria Institute with prejudice.  Even though the district court identified the proper agent of service and gave Barnett multiple opportunities and ample time to serve the defendant after the time for service had expired, Barnett failed to comply with court orders to serve the defendant.  *See* Fed. R. Civ. P. 41(b) (allowing involuntary dismissal for failure to prosecute or failure to comply with the civil procedure rules or court orders).

The district court properly dismissed the copyright claim against Starr and granted summary judgment in favor of the other defendants.  As a matter of law, Barnett's copyright did not protect the ideas or process reflected in her flowchart,

only her flowchart. 17 U.S.C. § 102(b); *see Bikram's Yoga Coll. of India, L.P. v. Evolation Yoga*, LLC, 803 F.3d 1032, 1034 (9th Cir. 2015) (holding that a sequence of yoga poses and breathing exercises were an idea, system, or process that could not be copyrighted); *UMG Recordings, Inc.,* 718 F.3d at 1031 (requiring proof of direct infringement to establish contributory infringement, vicarious infringement, and inducement of infringement).

To the extent that Barnett argues the district court should have allowed discovery before granting summary judgment, she has not identified which discovery she sought and how it would have prevented summary judgment. *See Stevens v. Corelogic, Inc.*, 899 F.3d 666, 678 (9th Cir. 2018) (requiring that the party seeking to delay summary judgment state the "specific" existing evidence that the party "hopes to discover" and how that evidence is "essential to oppose summary judgment").

This case remains administratively closed as to appellee Bedivere. *See* Docket Entry No. 52. We therefore do not reach Barnett's contentions regarding dismissal of her claims against Bedivere.

We decline to consider arguments raised for the first time on appeal. *Dream Palace v. Cnty of Maricopa*, 384 F.3d 990, 1005 (9th Cir. 2004).

3

Appellee Warner's request for sanctions is denied. If Barnett continues to

file lawsuits against Warner, he can request that the district court sanction Barnett.

Barnett's Motion for Rehabilitation of Character (Dkt. Entry No. 25),

Motion to Expand the Record (Dkt. Entry No. 41), and Motion for an Order to

Correct Docket (Dkt. Entry No. 46) are DENIED.

**AFFIRMED.**