NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 8 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KRISTOPHER IVON A. DILLON, | No. 21-16181 |
| Petitioner-Appellant, | D.C. No. 2:21-cv-00290-SPL-JFM |
| v. | |
| DAVID SHINN, Director; ATTORNEY GENERAL FOR THE STATE OF ARIZONA, | MEMORANDUM* |
| Respondents-Appellees, | |
| and | |
| STATE OF ARIZONA; et al., | |
| Respondents. | |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Submitted February 6, 2023**
Phoenix, Arizona

Before: GRABER, CLIFTON, and CHRISTEN, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Petitioner Kristopher Ivon A. Dillon, an inmate in an Arizona state correctional facility, timely appeals the district court's judgment dismissing his pro se habeas petition for failure to comply with a court order and for failure to state a claim. Pursuant to 28 U.S.C. § 2254, Petitioner filed a pro se petition for a writ of habeas corpus, challenging his Arizona convictions. The district court identified two defects in the petition. First, the court noted that Petitioner failed to name a proper respondent. Second, the court noted that Petitioner "does not allege he is in custody in violation of the Constitution or laws or treaties of the United States and the Court lacks jurisdiction over his claims." The district court dismissed the petition but granted leave to amend.

Petitioner timely submitted an amended petition, but the district court still concluded that Petitioner failed to allege that he is in custody in violation of the Constitution or the laws or treaties of the United States. The court again dismissed the petition with leave to amend within thirty days. Although the court mailed its order to Petitioner's correctional facility, the order was returned to the court as undeliverable. Petitioner was still at the same facility and his address had not changed, so whatever caused the return of that mail, it was not Petitioner's fault. Having received no further filings from Petitioner, the clerk of the district court entered judgment dismissing the action. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we vacate the judgment of dismissal and remand.

2

1. Petitioner argues that, because the district court did not <u>order</u> him to file a second amended petition, dismissal on that ground was improper under Federal Rule of Civil Procedure 41(b).[1]  We review the district court's dismissal of a complaint pursuant to Rule 41(b) for abuse of discretion.  <u>Yourish v. Cal. Amplifier</u>, 191 F.3d 983, 986 (9th Cir. 1999).  But we review de novo the question whether, under Rule 41(b), the district court's order was a directive that required Petitioner to amend.  <u>Id.</u>  Under Rule 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b).  Here, the district court noted that, "[w]ithin 30 days, Petitioner <u>may</u> submit a second amended petition to cure the deficiency outlined [in the order]."  (emphasis added).  The order also required the use of a court-approved form "[i]f" Petitioner chose to file a second amended complaint, and it dismissed the petition "<u>with leave to amend</u>."  Thus, dismissal was not authorized as a sanction under Rule 41(b).  See <u>Applied Underwriters, Inc. v. Lichtenegger</u>, 913 F.3d 884, 892 (9th Cir. 2019) ("The district court's dismissal

---

[1] The judgment does not specify that dismissal was under Rule 41(b).  But it is clear from the court's order that the amended petition would be subject to automatic dismissal if Petitioner failed to file a second amended petition within thirty days, and the court cited <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260–61 (9th Cir. 1992), with a parenthetical stating that the court could dismiss an action "for failure to comply with any [court] order," which had occurred in <u>Ferdik</u>.  <u>See id.</u> at 1260 (stating that the court had "ordered" the plaintiff to refile his complaint with a proper caption).

under Rule 41(b) required noncompliance with a court order. A grant of leave to amend is not an order to amend.") (emphasis added)). In some circumstances, "[w]hen a district court dismisses an action because the plaintiff has not filed an amended complaint after being given leave to do so and has not notified the court of his intention not to file an amended complaint, [the court] may deem the dismissal to be for failure to comply with a court order based on Federal Rule of Civil Procedure 41(b)." Harris v. Mangum, 863 F.3d 1133, 1142 (9th Cir. 2017) (emphasis added). But even if Rule 41(b) otherwise authorized the dismissal, the district court abused its discretion because the clerk of court knew that Petitioner had not received the court's latest order. As a result, judgment was entered before Petitioner was given the opportunity to submit a second amended petition or inform the court of his decision not to amend.[2] See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) ("Where . . . the plaintiff makes an affirmative choice not to amend, and clearly communicates that choice to the court, there has been no disobedience to a court's order to amend; as Yourish itself noted, the plaintiff has the right to stand on the pleading." (emphasis omitted)).

---

[2] The district court's order also noted that, if Petitioner submitted a second amended petition, he was required to use a court-approved habeas form. But Petitioner did not receive that form because it was included with the mailing that was returned as undeliverable.

4

2. Petitioner also argues that the district court erred when it dismissed his first amended petition for failing to allege a violation of the Constitution or the laws or treaties of the United States. A federal court must "construe the pleadings liberally and afford the petitioner the benefit of any doubt." Boquist v. Courtney, 32 F.4th 764, 774 (9th Cir. 2022) (citation and internal quotation marks omitted). We review de novo a dismissal for failure to state a claim upon which relief may be granted. Hamilton v. Brown, 630 F.3d 889, 892 (9th Cir. 2011). Although the first amended petition alleged only that Petitioner "received ineffective assistance of counsel" at his criminal trial, a liberal construction of his pro se petition should have led the district court to conclude that he was asserting a Sixth Amendment claim.

**VACATED AND REMANDED FOR FURTHER PROCEEDINGS.**