

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARMEN O. HAYNES; GREGORY MELVIN HAYNES, | No. 20-16420 |
| Plaintiffs-Appellants, | D.C. No. 3:19-cv-01002-RS |
| v. | MEMORANDUM[*] |
| CITY OF COLUSA; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, Chief District Judge, Presiding

Submitted February 6, 2024 [**]

Before: FERNANDEZ, SILVERMAN, and N.R. SMITH, Circuit Judges.

Carmen Haynes and Gregory Haynes (mother and son) (collectively

Plaintiffs) appeal pro se the district court's dismissal of their action under Federal

Rule of Civil Procedure 41(b). Plaintiffs also appeal the district court's denial of a

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

motion to disqualify Judge Seeborg and the judges in the Northern District of California. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.     The district court did not abuse its discretion in dismissing the case under Rule 41(b). *See Briseno v. Henderson*, 998 F.3d 1014, 1022 (9th Cir. 2021). "[W]e will overturn a dismissal sanction only if we have a definite and firm conviction that it was clearly outside the acceptable range of sanctions." *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006). Here, the district court applied the correct legal standard, and expressly considered the required five factors for dismissals for failure to prosecute under Rule 41(b), *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (outlining factors to consider in determining whether to dismiss under Rule 41(b)).

The district court's conclusion that the five factors favored dismissal was not "(1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." *United States v. Hinkson*, 585 F.3d 1247 (9th Cir. 2009) (en banc). Notably, the district court provided Plaintiffs five extensions of time to amend their complaint over an eight-month period. Plaintiffs' motions were filed on or after the set deadlines. Plaintiffs' excuses ranged from computer difficulties to medical issues to the pandemic. In the last two extensions of time the district court made it clear that the action would be dismissed if Plaintiffs did not

2

comply with the order. Yet, Plaintiffs failed to file an amended complaint.

Accordingly, the district court did not abuse its discretion in finding the factors

weighed in Defendants' favor. *See Yourish v. Calif. Amplifier*, 191 F.3d 983,

990–92 (9th Cir. 1999).

2.      Judge Seeborg did not abuse his discretion under 28 U.S.C. §§ 144,

455 in denying the motion to disqualify himself and the other judges in the

Northern District of California. Gregory's[1] allegations of bias, based upon prior

court rulings related to Gregory's disbarment in the Northern District, are

insufficient by themselves to establish bias. *See Liteky v. United States*, 510 U.S.

540, 555 (1994) ("[O]pinions formed by the judge on the basis of facts introduced

or events occurring in the course of the current proceedings, or of prior

proceedings, do not constitute a basis for a bias or partiality motion unless they

display a deep-seated favoritism or antagonism that would make fair judgment

impossible."). Moreover, Gregory did not establish how Judge Seeborg's outside

activities or friendship with Chief Judge Hamilton established bias against Gregory

beyond the judicial rulings related to Gregory's disbarment case. Because Gregory

failed to present a "sufficient affidavit" establishing bias, Judge Seeborg properly

---

[1] Carmen did not join in the motion to disqualify.

denied the motion without having to refer the matter to another judge. *See* 28 U.S.C. § 144.

Gregory also asserts that Judge Seeborg was not randomly assigned. However, the record demonstrates that Judge Seeborg was assigned to this case "using a proportionate, random and blind system pursuant to General Order No. 44." Gregory has not presented anything beyond speculation that Judge Seeborg was not randomly selected. Nevertheless, even if Judge Seeborg were not randomly selected, Gregory did not establish that Judge Seeborg was biased against him.[2]

Because we conclude that Gregory failed to establish that Judge Seeborg abused his discretion in denying the motion to disqualify, we need not address Gregory's arguments related to the recusal of the other judges in the Northern District.

3.  We lack jurisdiction to review the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6). When a court issues an order granting a motion to dismiss without prejudice and with leave to amend, it is not a final appealable order. *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997)

---

[2] Judge Seeborg's suggestion to allow Plaintiffs to move this case to the Eastern District (where all of the events underlying his complaint occurred) demonstrates there was no bias.

(en banc). Plaintiffs chose to attempt to amend their complaint rather than appeal the dismissal. Thus, we lack jurisdiction to consider the Rule 12(b)(6) motion and can only consider the dismissal under Rule 41(b). *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004) (outlining difference between Rule 12(b)(6) and Rule 41(b)).

**AFFIRMED in part, DISMISSED in part.**