NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 28 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

APARNA VASHISHT-ROTA,

Plaintiff - Appellant,

v.

HARRISBURG UNIVERSITY; OTTAWA UNIVERSITY,

Defendants - Appellees.

No. 24-7589

D.C. No. 3:20-cv-00967-AGS-KSC

MEMORANDUM[*]

---

Appeal from the United States District Court
for the Southern District of California
Andrew George Schopler, District Judge, Presiding

Submitted May 21, 2025[**]

Before:     SILVERMAN, LEE, and VANDYKE, Circuit Judges.

Aparna Vashisht-Rota appeals pro se from the district court's judgment dismissing her diversity action alleging various employment-related claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review for an abuse of discretion a

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismissal for failure to comply with court orders. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006). We affirm.

The district court did not abuse its discretion by dismissing Vashisht-Rota's action because Vashisht-Rota repeatedly failed to comply with the district court's local rules and orders regarding communications with the court, and the district court determined that Vashisht-Rota's violations were willful and taken in bad faith. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (setting forth factors to consider in determining whether to dismiss under Fed. R. Civ. P. 41(b) for failure to comply with a court order); *see also Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001) (explaining that a court may levy sanctions under its inherent power for bad faith conduct); *Halaco Eng'g Co. v. Costle*, 843 F.2d 376, 380 (9th Cir. 1988) (explaining that "[d]ismissal under a court's inherent powers is justified in extreme circumstances, in response to abusive litigation practices, and to insure the orderly administration of justice and the integrity of the court's orders" (citations omitted)).

We reject as unsupported by the record Vashisht-Rota's contentions that her communications were unrelated to this action and that the district court was biased against her.

In light of our disposition, we do not consider Vashisht-Rota's contentions concerning the underlying merits of this action. *See Al-Torki v. Kaempen*, 78 F.3d

1381, 1386 (9th Cir. 1996) (holding that interlocutory orders are not appealable after a dismissal for failure to prosecute, whether the failure to prosecute is purposeful or a result of negligence or mistake).

**AFFIRMED.**